*May Term 1851.*

CARPENTER
v.
DOE.

---

CARPENTER *v.* DOE on the Demise of SCHAFFNER and Others.

It is a general rule that a purchaser at sheriff's sale is bound only to show the judgment of a competent Court, an execution warranted by the judgment, and a sale and deed under it.

The R. S. of 1824, provided that in all cases where an execution issued on

| 2 | 465 |
| 139 | 197 |
| 2 | 465 |
| 141 | 448 |
| 143 | 69 |

a judgment of a justice, and sufficient personal property was not found, the justice should send a transcript of the judgment to the clerk's office, where it should be filed; that a *scire facias* should issue; and that two returns thereto, of *not found*, should authorize the Court to proceed to judgment and execution against the lands as if personal service had been made.

A transcript of a justice's judgment was filed in the clerk's office, and proceedings had thereon in accordance with the provisions of the R. S. of 1824. *Held*, that the judgment of the Circuit Court could not be impeached collaterally.

ERROR to the *Vanderburgh* Circuit Court.

PERKINS, J.—Ejectment, by *Doe* on the demise of *Jacob Schaffner* against *Willard Carpenter*, for a lot in the city of *Evansville*. Judgment for the plaintiff.

The lessor of the plaintiff claimed title as heir of *Jacob Ployer*, deceased; the defendant, *Carpenter*, through mesne conveyances from *Andrew Graham*, who purchased the lot at sheriff's sale in 1825.

To show title in *Graham* and out of *Ployer*, *Carpenter* gave in evidence a regular judgment of the Circuit Court of *Vanderburgh* county, rendered in *September*, 1824, against *Ployer*, in favor of one *King*, upon *scire facias* on a transcript of a judgment of a justice of the peace; a proper execution on that judgment; and proved a regular sale under it, and a deed to *Graham* from the sheriff pursuant to the sale.

The plaintiff below then offered, and was permitted by the Court, to go behind the judgment of the Circuit Court and attack the validity of the judgment of the justice, on which that in the Circuit Court was based, by giving evidence tending to show that the judgment of the justice was rendered in an attachment suit, and hence, as was contended, should not have been a general judgment against the defendant personally. It does not follow, we may remark, because a suit is commenced by attachment, that a general judgment cannot be rendered against the defendant. He may appear to such a suit and defend it as an ordinary action; and we do not, and cannot, after so great a lapse of time, know what was shown to the Circuit Court on the hearing of the *scire facias* suit as to

this matter. But, waiving this point, we think the Court erred in permitting the plaintiff in this case to go behind the judgment of the Circuit Court. It is a general rule that a purchaser at sheriff's sale is bound only to show the judgment of a competent Court, an execution warranted by the judgment, and a sale and deed under it. In the present case, such a judgment, execution, and sale were proved by the defendant, *Carpenter*. The only dispute is as to the judgment. We examine it. The statute of the state (R. S. 1824, p. 245, s. 23) provided that " in all cases," where execution issued on the judgment of a justice of the peace, and sufficient personal property was not found to satisfy it, and it was made known to the justice that the defendant had real estate, the justice should send a transcript of the judgment to the clerk's office, where it should be filed; that upon it a *scire facias* should issue, and that two returns of *not found* thereto should " be deemed as sufficient authority for the Court to proceed to judgment and execution against the lands of the defendant, as if a personal service had been made."

The judgment record produced by the defendant in this case contained a *scire facias* making all the necessary allegations, and reciting a judgment of a justice of the peace against *Ployer* personally, and to which *scire facias* two returns of not found appeared. It exhibited a case, therefore, wherein the Court had, under the statute, juris- ·diction of the subject matter and person, and was authorized to proceed to judgment. It did so proceed, and in doing so, necessarily determined all questions arising upon the proceedings of the justice; and having done so, that judgment cannot be impeached collaterally. It has been argued, indeed, that the judgment of the justice and of the Circuit Court were, in effect, but one, and that it was the duty of the defendant below to produce both in evidence to justify the execution and sale. But we do not think so. In this case the *scire facias* was, in effect, a new suit. The judgment of the justice would not reach real estate, and the transcript of it filed in the Circuit Court was not even a lien, by the laws of 1824, upon

such estate. When, however, judgment was obtained upon it in the Circuit Court, that judgment became a lien upon, and effective for the sale of, real estate, and execution would go upon it, and not upon the judgment of the justice. And the judgment of the Circuit Court could only be obtained by pursuing the course of an ordinary suit, and establishing his right, by the plaintiff. And it seems to us that the fact that the execution issued upon the judgment of the Circuit Court, is sufficient to show that that was the judgment to which a purchaser was to look. The case of a *scire facias* to revive a dormant judgment, and some other cases, may be different. See 2 Swan's Pr. 1095, and note E to 1101. *Jennings* v. *Stafford*, 1 Iredell, seems a case in point. By the statutes of *North Carolina* "it is enacted, that when an action shall be commenced against an executor or administrator by warrant, and he shall suggest that he has a defence thereto, by reason of a deficiency of assets, the magistrate may proceed to pass upon the demand of the plaintiff, and to give a judgment therefor, but shall return the warrant with the judgment and the suggestion to the County Court where the defence shall be made, and if, on trial, the plea be found for the executor or administrator, then a *scire facias* shall issue to the heir at law, to show cause why the judgment should not be satisfied out of the lands descended. In the case under consideration (*Jennings* v. *Stafford*) the magistrate, notwithstanding such suggestion, awarded execution against the goods and chattels of the intestate; the officer undertook to levy it on the lands descended; the judgment, execution, and levy were returned to the Court; and then a *scire facias* issued, untruly reciting, that there had been a plea of fully administered tried in Court, and found for the administrator. "And it is asked" says *Gaston*, Justice, "can the Court, in rendering a judgment upon the *scire facias* thus issued, be considered as acting within the limits of its authority? The answer to this argument is, that all these irregularities antecedent to the *scire facias* do not affect the jurisdiction of the Court." And again: "It has been further argued,"

says the same justice, " that inasmuch as in ordinary cases, where one judgment only is rendered, that judgment must be shown by him who claims to be an execution-purchaser, so in the cases where two judgments ought to be rendered before issuing execution, the purchaser should be required to show both these judgments. We do not admit the correctness of this conclusion. The sole purpose of requiring the exhibition of any judgment is, to show that the execution has the sanction of the Court. Now, if the Court render a judgment that the plaintiff recover his debt, or have execution upon a former judgment when in truth there is no such judgment, the adjudication is erroneous, but nevertheless, while it stands, it is the solemn act of the Court, having *power* so to adjudge, and therefore authorizes process to enforce it. For most purposes, the *scire facias* is a new action, and judgment upon a *scire facias* is a sufficient warrant for any execution which conforms to it. Let the judgment be affirmed." Without adopting, or otherwise, all that is said in this extract, we think the case itself from which it is taken, supports the decision we make.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded for a new trial.

*C. Baker*, for the appellant.

*J. G. Jones*, for the appellee.