Nov. Term,
1854.          Mercer and Another *v.* Doe on the demise of Nutting.

Mercer
*v.*
Doe.

A sale of land might be made without appraisement, under the act of 1841, on an execution issued under the direction of the Circuit Court, upon *scire facias* on a justice's transcript to bind real estate.

In ejectment by the execution-defendant against the purchaser to recover land sold upon execution, the latter need only show, *prima facie*, a judgment against the former, an execution and a sale thereon, and a sheriff's deed.

An appraisement of land sold upon execution will be presumed to have been made, if the law required an appraisement, until the contrary appears.

Wednesday,          APPEAL from the *Wabash* Circuit Court.
December 20.
          Davison, J.—Ejectment for a tract of land in *Wabash*
county.   The Court tried the cause and gave judgment
for the plaintiff.   The record professes to set out all the
evidence given on the trial.

Nutting, the plaintiff's lessor, on the 14th of *April*, 1841,
executed his promissory note to one *Robert D. Helm*, upon
which *Helm* recovered a judgment before a justice of the
peace.   With a view to obtain a lien upon *Nutting's* land,
a transcript of that judgment was filed in the *Wabash* Cir-
cuit Court.   By *scire facias* on this transcript, *Helm*, at
the *March* term, 1846, obtained a judgment in said Court
against *Nutting*.   Upon that recovery a writ of *fieri facias*
was issued, by virtue of which the land in controversy was
sold to *Helm* for 69 dollars, and a deed, pursuant to the
sale, was executed to him by the sheriff.   After this, *Helm*,
by deed in fee, conveyed the premises to the defendants
below, who were in possession, &c.

The levy, sale, and return of the writ were sufficiently
shown by the sheriff's deed; but whether the land was
sold with or without appraisement, does not appear in the
record.   Was proof of such appraisement essential to the
defence of the action?   This is the only question in the
case.

An act in force when the above note was given, pro-
vided that no real property should be sold on execution
for less than one-half the appraised value thereof, and also
for the selection of appraisers to ascertain its cash value,
&c.   Acts of 1841, p. 130, ss. 6 and 7.   The appellee con-

Nov. Term,
1854.

MERCER
v.
DOE.

tends that these provisions are applicable, and should be applied, to the sheriff's sale in question. This position the appellants deny, and they insist that the act referred to excepts from its operation the judgment rendered on the transcript. The ninth section is in these words: "That the provisions of this act shall not extend to judgments on *scire facias*, judgments or other legal proceedings against state, county, or township officers for neglect or malfeasance in office, against attorneys for neglecting or refusing to pay over moneys collected, and on bonds for the delivery of property levied on by execution." The language of this provision, so far as it relates to "judgments on *scire facias*," is general, and should receive a general construction, unless by looking into the whole act something can be found to limit or restrict it. The reasons why such judgments were excepted may not be obvious; still the exception leads to no absurd results. Nor is there anything in the entire enactment that indicates a legislative intention to restrict the general import of the words used in the provision. We are of opinion that all "judgments on *scire facias*" were intended to be excluded from the operation of the statute, and therefore that the sheriff's sale was valid without appraisement. Smith's Comm., s. 478, p. 627.—*Jones* v. *Jones*, 6 Shep. 308.

We perceive no ground upon which the decision of the Circuit Court can be sustained. If an appraisement of the land had been required to give validity to the sheriff's sale, proof that it was appraised was not incumbent on the appellants. Against the title of the plaintiff's lessor, he being the execution-defendant, they were only bound to show a judgment, execution, sale, and sheriff's deed. This they have done. It is true, when the law requires a sheriff to appraise property taken on execution, a sale without appraisement would be a nullity; but in the absence of any proof on the subject, he will be presumed, in that respect, to have done his duty. *Carpenter* v. *Doe*, 2 Ind. 465.—*Doe* v. *Collins*, 1 *id.* 24.—*Duncan* v. *Duncan*, 3 Iredell 317.

The judgment must be reversed.

Nov. Term,
1854.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*D. D. Pratt* and *S. C. Taber*, for the appellants.

*D. M. Cox*, for the appellee.