Evans *v.* Ashby et al.

---

EVANS *v.* ASHBY *et al.*

JUDGMENT—JURISDICTION.—The judgment of a Court having jurisdiction of the subject matter, and of the persons of the defendants, however irregular, is not void, and can not be impeached collaterally.

SHERIFF'S SALE—APPRAISEMENT.—Where the law requires a sheriff to appraise property taken on execution, a sale without appraisement is a nullity.

SAME—PRESUMPTION.—In the absence of proof on the subject, it will be presumed that the sheriff, in that respect, performed his duty.

APPEAL from the *Pike* Circuit Court.

DAVISON, J.—*Daniel, Benjamin,* and *John Ashby,* who were

the plaintiffs, brought an action against *James Evans* for the recovery of a tract of land in *Pike* county. The Court tried the issues, and found for the plaintiffs. New trial refused and judgment, &c.

The following are the facts: In 1839, one *James Ashby* became the owner, in fee, of the land in dispute, and, as such, continued until 1846, when he died, leaving the plaintiffs as his children and heirs. On *March* 25th, 1839, *Hiram* and *Samuel Kenman*, a firm doing business at *Petersburgh, Indiana*, executed to *Todd & Praigg*, of *Louisville, Kentucky*, three promissory notes for the aggregate amount of 519 dollars. Upon these notes, *Todd & Praigg*, on the 24th of *February*, 1841, recovered a judgment in the *Pike* Circuit Court, against the *Kenmans*, for 487 dollars; and *James Ashby*, on the 2d of *March*, 1841, entered himself as replevin bail on that judgment, for the stay of execution for twelve months. In *August*, 1847, a writ of *scire facias* was regularly issued upon said judgment and replevin bail, against the plaintiffs, the then defendants, as heirs, &c., to revive the judgment, and to have execution upon it, and the recognizance of replevin bail against the property which had descended to them from their father, *James Ashby*. And said writ having been duly served upon them, they were, at the *August* term, 1847, of the same Circuit Court, defaulted, and a judgment of revivor and an order for execution was entered against them in the usual form. The plaintiffs—the then defendants—at the time of these proceedings, were minors; but the record fails to show that any guardian, to appear for them, was appointed by the Court. An execution, pursuant to said order, was issued in *September*, 1847, and by virtue of it, the sheriff levied on the lands in controversy, and sold them to *John Praigg*, who, in pursuance of the sale, received a . . . deed. The record is silent as to whether the lands were, prior to the sale, appraised in the mode prescribed by the statute.

*Praigg* conveyed them to one *Joseph Davidson*, who conveyed to *John Palmer*, who conveyed to *James Evans*, the defendant. Under his conveyance, the defendant went into possession of the lands, and still continues to occupy the same.

The evidence is upon the record, and, under the assignments of error, the only question to settle is, whether the title derived from the Sheriff's sale defeats the plaintiff's claim to the lands? The Circuit judge must have considered that sale a nullity; but the appellees have not favored us with a brief, and hence, we are not advised as to the ground upon which they propose to sustain the finding of the Court. The appellant, however, discusses two points: 1st. Was the judgment on *scire facias* void for want of a guardian, *ad litem?* 2d. Should it appear in the record that the lands, prior to the sheriff's sale, were duly appraised?

The judgment,—the record being silent as to the appointment of such guardian,—would, in a direct proceeding in error, have been held erroneous; but here the Circuit Court had jurisdiction of the subject matter, and of the persons of the defendants. The rule is well settled that the judgment of a Court, having such jurisdiction, "however irregular, is not void, and not impeachable collaterally." *Homer* v. *Doe*, 1 Indiana 130 and authorities there cited.

Nor was the sale void for want of appraisement, because it does not appear that there was *no appraisement*. On this point the record is perfectly silent. "If an appraisement of the land was required to give validity to the sheriff's sale, proof that it was appraised was not incumbent on the defendant." Against the title of the plaintiff, he was only bound to show a judgment, execution, sale, and sheriff's deed. This he has done. It is true, when the law requires a sheriff to appraise property taken on an execution, a sale without appraisement would be a nullity; but, in the absence of any proof on the subject, he will be presumed, in that re-

spect, to have done his duty. *Mercer* v. *Doe*, 6 Ind. 80; *Carpenter* v. *Doe*, 2 Ind. 465; *Doe* v. *Collins*, 1 Ind. 24; *Duncan* v. *Duncan*, 3 Iredell 317. We perceive no ground upon which the decision in the Court below can be supported, and the result is, the judgment must be reversed.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded.

*W. E. Niblack* and *W. H. De Wolfe*, for the appellant.
*C. M. Allen, N. Usher,* and *D. McDonald,* for the appellees.

