Culbertson v. Milhollin.

CULBERTSON v. MILHOLLIN.

CONSTABLE'S SALES.—Where the record of a constable's sale is silent as to whether due notice was given of the sale or not, the Court will presume that the constable did his duty.

SAME.—EXECUTION ON JUSTICE'S JUDGMENT.—Where a constable levies upon property to satisfy an execution from a justice's Court, and advertises it for sale, but fails to sell, and returns the writ, with his proceedings indorsed thereon, and the justice issues another execution, and fails to append to it a copy of the return made to the first, his failure so to do will not render the second execution void, but only voidable, and it might be set aside on motion before the justice, but if no such motion was made, all acts done under it will be valid.

APPEAL from the *Delaware* Common Pleas.

DAVISON, J.—This was replevin, by the appellee, who was the plaintiff, against *Culbertson*, commenced before a justice of the peace, for the recovery of a dun colt. The plaintiff claimed title, under a constable's sale, by virtue of an execution, issued upon a judgment, in which he was plaintiff, and *Culbertson* was defendant. The justice gave judgment in favor of the plaintiff for 25 dollars, and the defendant appealed.

In the Common Pleas the issues were tried by the Court, who found for the plaintiff 30 dollars. Motion for a new trial overruled and judgment.

The evidence shows that *Milhollin*, the present plaintiff, on *January* 23, 1860, recovered a judgment against *Culbertson*, before a justice of the peace, for 3 dollars and 88 cents, and that on the 3d of *July*, then next following, an execution was thereon issued, upon which the constable, on the 1st of *January*, 1861, made a return as follows:

"This writ came to hand *July* 3, 1860. By virtue of said writ, I levied on one shovel plow and one cane mill, and offered

Culbertson *v.* Milhollin.

the same for sale on *July* 14th, 1860, and there was no sale for want of bidders. Service, 25 cents; mileage, 70 cents; advertising, 30 cents; return 10 cents; the whole 1 dollar and 35 cents. HENSON LINES, Constable."

After this, on *January* 4th, 1861, another execution was issued on said judgment, upon which the constable made the the following return:

"This writ came to hand *January* 17, 1861. By virtue of this writ, I levied on one dun colt. Advertised for sale *February* 1, 1861; offered for sale *February* 11, 1861, and sold to *Nathan Milhollen* for 9 dollars and 60 cents.

"HENSON LINES, Constable."

The evidence further shows that the plaintiff, upon the service of the first execution, gave up the plow and cane mill to the constable, who levied on, advertised and offered the same for sale, and there being no sale for want of bidders, he left the property on the premises of the defendant, where it has remained near his residence ever since. It also appears, that when the colt was levied on, the defendant was absent from home, and that at the time of the last levy, the plow and cane mill were both on the defendant's premises, of which the constable was notified.

The appellant contends, that there being in the record no evidence that the requisite notice of the sale of the property was given by the constable, the sale was invalid. This position is untenable. The record being silent as to whether the constable did or not advertise the sale, he will be presumed to have done his duty. *Mercer* v. *Doe*, 6 Ind. 80.

Again, it is insisted, that the second execution—the justice having failed to append to it a copy of the return made on the first—was a nullity. The statute required the justice to

append such copy. 2 R. S. (G. & H.) p. 602, sec. 80. But his failure, in this instance, to do so, rendered the execution voidable merely, but not void. And being thus voidable, might have been set aside on motion before the justice; but no such motion having been made, "all acts done under it are valid." *Doe* v. *Dutton*, 2 Ind. 309.

Various other points, relative to the rulings of the Court, are made by the appellant. These we do not deem it material to notice; because, in looking into the whole record, we are of opinion that the finding and judgment are right on the evidence. 2 R. S. (G. & H.) p. 122, sec. 101.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*Walter March*, for the appellant.

*C. E. Shipley* and *A. Kilgore*, for the appellee.