## WHITE *v.* WEBSTER ET AL.

PROMISSORY NOTE.—*Action by Assignee Against Assignor.*—*Pleading.*—*Copy of Judgment.*—In a suit by the assignee of a promissory note, against his assignor, alleging, that, in an action on such note, by the assignee, against the maker, the latter had recovered judgment, the complaint need not contain a copy of the pleadings, proceedings and judgment in such action.

SAME.—*Usury.*—*Warranty.*—*Statute of Frauds.*—The complaint in such suit alleged, that the defendant, who held such note as assignee, had transferred the same to the plaintiff by delivery merely, in exchange for a certain chattel, and that, as part of such exchange, the defendant had verbally warranted such note to be valid, when in fact it was wholly usurious and void.

*Held,* on demurrer, that such warranty is not within the statute of frauds.

SAME.—*Defence.*—*Notice.*—An answer to such complaint, alleging that the defendant, during such action against the maker, had received no notice of the defence of usury set up by the latter, until after the issues therein had been formed, is insufficient.

SAME.—*Interest Laws.*—*Statutes Construed.*—An answer in such suit, that, at the time of the commencement of such action against the maker, there was no law rendering contracts void for usury, is insufficient, as the whole principal of such note was alleged to be usurious.

SAME.—*Fraud.*—*Negligence.*—*Attacking Judgment Collaterally.*—An answer in such suit, that the plaintiff had prosecuted his action against the maker in a careless and negligent manner, whereby the maker had fraudulently recovered, is insufficient.

SAME.—*Failure to Make Parties.*—An answer in such suit, that the plaintiff, in his action against the maker, had failed to make the defendant a party thereto, to answer as to his interest in such note, and had so prosecuted the same as to defraud the defendant, is insufficient.

SAME.—*Evidence.*—*Transcript of Judgment.*—On the trial of such suit, a transcript of such action against the maker, showing that the latter had recovered judgment on the ground that such note was usurious, is competent evidence for the plaintiff.

SAME.—*Notice.*—*Sheriff's Return.*—A written notice, by the plaintiff to the defendant, of the pendency of such action against the maker, and the heriff's return thereon of due service upon the defendant, is admissible in evidence against the latter, on the trial of such suit.

SAME.—*Instruction to Jury.*—*Estoppel.*—An instruction to the jury trying such action, that such transcript and notice were in evidence, and that the defendant was estopped thereby from denying that such note was usurious, was proper.

From the Ripley Circuit Court.

*E. P. Ferris,* for appellant.

· *J. O. Cravens, W. D. Ward, J. B. Rebuck, F. Adkinson* and *G. M. Roberts,* for appellees.

NIBLACK, J.—This cause originated in a suit by Samuel S. Webster and James Weatherbee against James White, in the court below.

The complaint was in three paragraphs.

The first paragraph states, that, on or about the 1st day of June, 1865, the said Webster and Weatherbee bartered and sold to the said White a lot of sheep, of the value of five hundred dollars, and took in part payment therefor a promissory note executed by William V. Cheek and John F. Cheek, on the 24th day of November, 1848, for the sum of one hundred and seventy-five dollars, payable to one James Conoway one year after date, with interest from date, and assigned by said Conoway to said White, " without recourse," under the assignment.

That, to induce Webster and Weatherbee to take the note, White represented to them, that the note was good and valid, and the makers thereof were liable to pay the same; that, relying on said representation, they, said Webster and Weatherbee, took the note in part payment for the sheep, without indorsement from White; that afterward Webster and Weatherbee caused a suit to be brought in the court of common pleas of Dearborn county on the note against the makers; that William V. Cheek, who was insolvent, made default, and that John F. Cheek set up, as a defence to the note, that the consideration thereof was usurious, having been executed for usurious interest, claimed to be due on an older note, on which an issue was formed; that, on that issue, there was a finding and judgment for the said John F. Cheek. Wherefore Webster and Weatherbee claimed judgment against White for five hundred dollars in damages.

The second paragraph was in all respects similar to the

first, except that it stated that White, while expressly refusing to warrant the solvency of the makers of the note, did warrant that the note was a good and valid note, and not usurious, and that the makers thereof had no defence to the same.

The third paragraph is similar to the second, except that it did not refer to the proceedings in the common pleas court of Dearborn county against the makers of the note, but stated instead, that the note was usurious and void.

White answered the complaint:

1. In general denial.

2. As to the first and second paragraphs, that he had no notice of the defence of usury set up by John F. Cheek to the note until after an issue had been formed thereon, which was too late to be available.

3. As to the first and second paragraphs, that, when suit was commenced in Dearborn county on the note, there was no law making a contract void on account of usury.

4 As to the first and second paragraphs, that the suit in the court of common pleas referred to was carelessly and negligently prosecuted, in consequence of which the said John F. Cheek obtained a finding and judgment in his favor.

5. As to the first and second paragraphs, that Webster, who was the sole plaintiff in the action in the common pleas court, above referred to, failed to make him, said White, a party defendant, to answer to his interest in the note, and so prosecuted said action as to defraud him, said White, setting out a record of the proceedings in said cause.

6. As to the whole complaint, that Webster and Weatherbee purchased the note on representations made by the said John F. Cheek, and not by him, said White.

7. As to the third paragraph, that Webster and Weatherbee purchased the note with full knowledge of

all the facts, and on representations made by John F. Cheek, and not by him, White.

Demurrers were sustained to the second, third, fourth and fifth paragraphs of the answer, and there was a reply in denial of the sixth and seventh paragraphs.

A trial by a jury terminated in a verdict for the plaintiffs, and, over motion for a new trial and in arrest, a judgment was rendered on the verdict.

The first error assigned is, that neither paragraph of the complaint, separately considered, states facts sufficient to constitute a cause of action.

It is objected, that a transcript of the cause tried in the common pleas court of Dearborn county, referred to in the first and second paragraphs of the complaint, ought to have been set out at length in, or to have accompanied, those paragraphs. The judgment in that case, however, was not the foundation of this action, but, if it were, it is not a written instrument which, or a copy of which, had to be filed with the complaint. *Wilson* v. *Vance*, 55 Ind. 584; *Noble* v. *McGinnis*, 55 Ind. 528; *Wyant* v. *Wyant*, 38 Ind. 48; *Lytle* v. *Lytle*, 37 Ind. 281; *Knight* v. *The Flatrock, etc., Turnpike Co.*, 45 Ind. 134. Such a transcript constituted evidence merely in the case at bar, and not necessarily any portion of the complaint.

It is objected to the third paragraph of the complaint, that the contract set out in it was within the statute of frauds, but being an executed, instead of an executory, contract, we do not see how this objection can be sustained.

We are not able to discover any available objection to the complaint.

The second error assigned is, that the court below erred in each of its separate rulings in sustaining demurrers to the second, third, fourth and fifth paragraphs of the appellants' answer.

The second paragraph of the answer tendered an immaterial issue, and was hence properly held bad. It was

White *v.* Webster *et al.*

not material whether notice of the defence was given before or after issue was joined. So that it was given a reasonable time before the trial was sufficient.

We are of the opinion, that the demurrer to the third paragraph was also correctly sustained. The usury laws referred to by the appellant relate to cases where usurious interest merely is reserved, and not to notes, bills or contracts, where the principal sum or consideration is usurious. 1 R. S. 1876, pp. 599–601.

We are also of the opinion, that the demurrer was properly sustained to the fourth paragraph.

The proceedings in the common pleas court of Dearborn county could not be attacked collaterally in the general and indefinite manner attempted in that paragraph. *Ziegenhager* v. *Doe*, 1 Ind. 296; *Evans* v. *Ashby*, 22 Ind. 15; *Spaulding* v. *Baldwin*, 31 Ind. 376; *Abdil* v. *Abdil*, 33 Ind. 460; *Nicholson* v. *Stephens*, 47 Ind. 185.

We think the fifth paragraph also bad for the same reason assigned for the insufficiency of the fourth paragraph. The appellant would have been a proper party to the suit in the Dearborn common pleas court, and that court might have required the plaintiff to have made him a party; but, because that was not done, the judgment is not void, or liable to be attacked collaterally, on account of the omission. *Evans* v. *Ashby, supra.*

The third error assigned attacks the organization and jurisdiction of the court below, but an amendment of the record in response to a certiorari, since issued, has obviated that objection, and we need not further consider it.

The fourth error is assigned upon the overruling by the court below of the appellant's motion for a new trial.

On the trial, the appellees introduced in evidence, over the objection of the appellant, a transcript of the proceedings and judgment in the common pleas court of Dearborn county, referred to in the complaint, in which the said Samuel S. Webster was plaintiff and the said William V. Cheek and John F. Cheek were defendants, and

for reasons already given' while considering the second assigned error, we think the transcript was properly admitted in evidence.

That transcript showed that the cause described within it was tried at the July term, A. D. 1867, of the Dearborn Common Pleas Court; that the note then sued on purported to be the same note described in the complaint before us; that the principal defence to the note in that action was, that the note in question was given for a usurious consideration; that the court found that the consideration was usurious, and rendered judgment in favor of the defendant John F. Cheek, who made the defence.

Following the introduction of the above described transcript, and in connection with it and other testimony orally given, the appellees offered in evidence a notice in writing with a return thereon, as follows:

" To James White, Esq.: Please take notice that I have brought suit against William V. Cheek and John F. Cheek upon a note executed by them to James Conoway on the 24th day of November, 1848, for one hundred and seventy-five dollars, with interest, and which note was assigned to you by said James Conoway, and by you assigned to me, and that said John F. Cheek is making defence to said suit, and you are requested to join me in resisting said defence. Said suit is pending in the court of common pleas of Dearborn county, Indiana, which will convene on the 15th day of July, 1867, at the courthouse in said county.

" SAMUEL S. WEBSTER."

On the back of the notice was the following endorsement:

" Came to hand July 5th, 1867, and served on the within named James White by delivering to him a true copy of this notice in person, the 5th day of July, 1867.

" JOHN W. HAMILTON,

" Sheriff Ripley county, Ind."

The appellant objected, on the ground that said notice

White *v.* Webster *et al.*

and return were immaterial and irrelevant, but the court overruled the objection and admitted them in evidence. We do not see that the appellant has any reason to complain of the admission of this evidence. The notice was clearly a proper one under the circumstances under which it was given. Herman Estoppel, pp. 46–47, secs 53–54.

At the proper time after the close of the evidence, the court below, amongst other things, gave the jury the following instruction ·

" There is in evidence before you a transcript of the common pleas court of Dearborn county, in this State, in which present plaintiffs brought suit on the note in controversy, against William V. Cheek and John F. Cheek, the payors of said note, in which defendants in that suit, or one of them, set up the plea of usury as a defence to said note; and it is also in proof before you, that the defendant White was duly notified to appear and defend in said action in Dearborn county; and by the judgment and finding of said court said note was determined to be usurious and void as to said John F. Cheek.

" I charge you that said defendant White is estopped by said judgment from denying that said note was usurious."

The appellant insists, that this instruction was too imperative in its terms, and deprived the jury of their legal right to judge of the weight of the evidence referred to in it, and that for these reasons it was, erroneously given.

A majority of this court hold, that the transcript and the notice belonged to that class of testimony to which it was the duty of the court below to give a construction to the jury, and that no error was committed by the instruction, in the manner and form in which it was given. The writer of this opinion has a very strong impression that the instruction was too peremptory in its terms, but acquiesces in the decision of the majority of the court.

We see no sufficient reason for disturbing the verdict on the evidence. Byles Bills, 161.

The fifth and last error is assigned upon the overruling of the appellant's motion in arrest of the judgment.

What we have already said leads us to the conclusion, that the court did not err in overruling that motion; and we are unable to find any available error in the record.

The judgment is affirmed, at the costs of the appellant.