# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS. NOVEMBER TERM, 1880, IN THE SIXTY-
FIFTH YEAR OF THE STATE.

———◆◇◆———

No. 7105.

TALBOTT *v*. HALE ET AL.

72   1
141  448

SHERIFF'S SALE.—*Presumption of Validity.*—Where a judgment is ren-
dered and execution issued thereon, each with relief from valuation
and appraisement laws, and the sheriff's return of the sale of real
estate thereunder does not state that the real estate was appraised
before sale, it will be presumed, in the absence of proof to the con-
trary. that the sheriff did his duty in the premises, and caused the
land to be appraised before sale; and the burden is on the party at-
tacking such sale to show that there was no appraisement.

NAMES.—*Evidence.*—Where an execution, issued upon a judgment against
the Cincinnati, Peru and Chicago *Railway* Company, was levied upon
land of the Cincinnati, Peru and Chicago *Railroad* Company, and
such land sold thereunder by the sheriff, the apparent difference be-
tween the two names may be explained and harmonized by extrinsic
evidence, in an action attacking the validity of such sale, if both
names are in fact applied to the same corporation.

SAME.—Names, with other circumstances. are facts from which identity
can be presumed or established, and this applies as well to corporate
names as to names of natural persons.

From the Tippecanoe Superior Court.

*M. Jones* and *J. L. Miller*, for appellant.

*G. S. Orth* and *J. Park*, for appellees.

Talbott *v.* Hale *et al.*

NIBLACK, C. J.—This was an action by Isaac N. Talbott against John C. Hale and Charles Hale, to recover the possession of, and to quiet title to, a forty-acre tract of land in Benton county. The action was commenced in the Benton Circuit Court, where it was first tried, but, a new trial having been granted, the venue was changed to the Superior Court of Tippecanoe county. Upon a second and the final trial in the latter court, and at the request of the plaintiff, the court made a special finding of the facts, substantially as follows :

1. That John G. Osborn, who had, on the 5th day of September, 1852, purchased the tract of land in controversy from the United States, conveyed said land to the Cincinnati, Peru and Chicago Railroad Company on the 4th day of November, 1853.

2. That, on the 1st day of April, 1858, one George Barnes recovered a judgment against the Cincinnati, Peru and Chicago Railway Company in the La Porte Circuit Court, for $1,674.57 and costs of suit; that said judgment was rendered with relief from valuation and appraisement laws, and was afterward, on the 18th day of March, 1867, by Mary L. Barnes, administratrix of the said George Barnes, then deceased, assigned to one E. L. Dickey, who, on the 6th day of August, 1872, assigned said judgment to the plaintiff, Isaac N. Talbott, and said judgment was afterward, to wit, on the 21st day of May, 1873, revived in the name of the plaintiff, and execution was issued thereon on the 6th day of June, 1873, directed to the sheriff of Benton county, which execution did not waive relief from valuation and appraisement laws.

3. That on the 19th day of July, 1873, the sheriff of Benton county sold said tract of land to the plaintiff without first having caused the same to be appraised, he, the plaintiff, being the highest bidder therefor; and upon the same day said sheriff conveyed said land to the plaintiff.

4. That on the 8th day of April, 1869, the above named John G. Osborn, with his wife, conveyed the land in controversy to the defendant John C. Hale.

5. That on the 28th day of March, 1871, the said John C. Hale, with his wife, conveyed the same land to the other defendant, Charles Hale.

The court found, as a conclusion of law from the foregoing facts, that the defendant Charles Hale was the owner of the land described in the complaint.

The plaintiff, amongst other things, moved the court for a new trial, assigning as one of the causes that the finding of the court was not sustained by sufficient evidence; but the motion was overruled. Judgment was thereupon rendered, adjudging the defendant Charles Hale to be the owner of the land in dispute, and against the plaintiff for costs.

It is contended here that so much of the special finding as asserts that the land in suit was sold by the sheriff of Benton county without appraisement was not sustained by any evidence, either oral or written, and that hence a new trial ought to have been granted.

This objection to the proceedings below appears to us to be well founded. The return of that sheriff to the execution upon which the sale was made did not state whether or not the land was appraised before it was sold, and nothing was disclosed on that subject by any of the other evidence introduced at the trial. Under such circumstances, the presumption that the sheriff did his duty in regard to an appraisement of the land, before he offered it for sale, ought to have been allowed to prevail in making up a special finding of the facts.

It devolved upon the party attacking the sheriff's sale, to show in some way that there had been no appraisement. *Evans* v. *Ashby*, 22 Ind. 15; Rorer on Judicial Sales, secs. 843-857. The court, we think, erred in overruling the plaintiff's motion for a new trial.

It is urged by counsel, in opposition to the validity of the sheriff's sale, that the judgment and execution against the Cincinnati, Peru and Chicago *Railway* Co. did not authorize the sale of the land in dispute, which had been conveyed to, and was held by, the Cincinnati, Peru and Chicago *Railroad* Company, and as that question will probably again arise, if there shall be another trial of this cause, we will consider it at the present hearing.

This action was prosecuted by the plaintiff upon the evident theory that both the corporate names, used as above, were the equivalents, each of the other, and had reference to, and were intended to designate, the same corporation.

The words constituting both of these corporate names had substantially the same meaning, and whatever apparent difference there may have been between the two names might have been explained and harmonized by extrinsic evidence, in case both names did in fact apply to the same corporation. Names, with other circumstances, are facts from which identity can be presumed or established, and this rule applies as well to corporate names as to the names of natural persons. Wharton on Evidence, section 1273.

We are unable to recall any principle of law governing real estate, which would sustain the conclusion reached by the court, that the defendant Charles Hale was the owner of the land sued for. Both the evidence and the special finding showed that Osborn had conveyed away his title to this land to the railroad company long before he assumed to convey it to the other defendant, John C. Hale, and that hence no title passed by the deed from Osborn to the said Hale. It did not follow that Charles Hale was the owner of the land because of some supposed defect in the plaintiff's title to it.

The judgment is reversed, with costs, and the cause remanded for a new trial.