Woolen v. Rockafeller, Executor.

---

No. 8940.

WOOLEN v. ROCKAFELLER, EXECUTOR.

SHERIFF'S SALE.—*Judgment.*—*Evidence.*—A judgment or decree of a competent court, valid upon its face, is *prima facie* sufficient to support a judicial sale made upon it. *Glidewell* v. *Spaugh*, 26 Ind. 319, overruled.

Woolen v. Rockafeller, Executor.

SAME.—*Title.*—*Real Estate, Action to Recover.*—A judgment of a court of superior jurisdiction (without the complaint and pleadings), execution and return of sale of land, and sheriff's deed in accordance with such return, are sufficient to show title in the purchaser against a party claiming title derived from the judgment defendant.

SAME.—*Sheriff's Return of Sale.*—*Notice.*—*Presumption.*—A sheriff's return of sale of real estate on execution showed the proper posting of notices of the sale in M. township, without stating that the land was in that township.

*Held,* the contrary not appearing, that it would be presumed that the sheriff discharged his duty as to the notice.

EVIDENCE.—*Tax Title.*—*Auditor's Deed.*—An auditor's deed upon a tax sale, put in evidence by the defendant (who sought to show title in himself), failed to recite that the owner of the land was without personal property out of which the taxes could have been collected. Without other proof, or any assurance of an intention to make such proof, it is not error to reject such a deed, offered in evidence, to the defendant from the purchaser for taxes.

From the Madison Circuit Court.

*E. P. Schlater* and *A. B. Young,* for appellant.

*M. S. Robinson* and *J. W. Lovett,* for appellee.

NIBLACK, J.—Action by Ephraim K. Rockafeller, describing himself as the executor of the last will of Eli Ferguson, deceased, against James H. Woolen, to recover the possession of, and to quiet his title to, a sixteen-acre tract of land. The complaint was in two paragraphs. The first was in the common form for the recovery of the possession of real estate. The second averred that the plaintiff had become the owner of the land in controversy by purchase at a sheriff's sale upon a decree of foreclosure of a mortgage upon it, but that the defendant claimed title to said land under a deed executed to him by one Frank M. Milliken, who had no interest or estate in the same; such deed casting a cloud, and only a cloud, upon the plaintiff's title. The defendant answered in general denial. The cause was tried by the court, and the court made a finding that the material allegations contained in the complaint were true; that the plaintiff was the owner of the land

in suit and entitled to the possession of the same; that the defendant was in possession of said land without right, and unlawfully detained the possession thereof.

The defendant moved for a new trial, alleging, amongst other things, as causes, that the finding was not sustained by the evidence, and that the court erred in refusing to permit the deed from Milliken to him, referred to in the second paragraph of the complaint, to be read in evidence, but the court refused to grant a new trial, and rendered judgment for the recovery of the land, and quieting the plaintiff's title as against the defendant.

The only question made here is upon the refusal of the court to grant a new trial.

The plaintiff read in evidence a decree of foreclosure in the Madison Circuit Court, in a suit in which he, as the executor of Eli Ferguson, deceased, was plaintiff, and Joseph S. Hollowell and others were defendants, for the sum of $1,-604.33 against the land, described in the complaint, upon a mortgage purporting to have been executed by the said Hollowell to Ferguson on the 29th day of December, 1866; also an order of sale issued upon said decree of foreclosure; also the return of the sheriff showing that he, the plaintiff, had become the purchaser of the land under said order of sale; also a sheriff's deed to him for the land, purporting to have been executed in pursuance of the sheriff's return, after the time for redemption had expired, and describing the plaintiff as the executor of Ferguson.

Counsel for the defendant then stated to the court that their client claimed title to the land in dispute, under a tax deed executed by the auditor of Madison county to Frank M. Milliken, named in the complaint, and as the immediate grantee of the said Milliken, and, over the plaintiff's objection, read such tax deed in evidence. The deed recited that certain taxes had been assessed against Hollowell on a portion of the land sued for, and other adjacent lands, for the years 1875, 1876, and 1877, which had been returned delinquent for non-payment,

and that the lands so chargeable with delinquent taxes, had been sold to pay such taxes, said Milliken becoming the purchaser thereof, but it contained no recital that Hollowell had no personal property which might have been levied upon and sold for the payment of the taxes, or some part of them, for which the lands were sold.

The defendant, also, offered in evidence a deed from Milliken to him, which evidently embraced a considerable part of the land mentioned in the complaint, and a small part of one of the tracts described in the tax deed, but the plaintiff objected to the introduction of the deed thus offered, upon the grounds that it did not describe the land correctly, and that it was irrelevant, incompetent and immaterial, when considered in connection with the matters then in issue before the court, and the court, without assigning any specific reason for its action, refused to permit the proposed deed to be read in evidence.

It is insisted that the reading in evidence of the decree of foreclosure against Hollowell and others, without the production of the complaint, and other papers, showing that the court had jurisdiction to render such a decree, did not establish the existence of such a decree as was necessary to support the sheriff's sale and the deed, also read in evidence, and that, consequently, the finding of the court was not sustained by sufficient evidence. The position thus assumed is not in harmony with the general tenor of the decided cases in this State. It is, on the contrary, well settled with us that the production of a judgment or decree of a competent court, valid upon its face, is, *prima facie*, sufficient to support a judicial sale made upon it. *Splahn* v. *Gillespie*, 48 Ind. 397 ; *Shipley* v. *Shook*, 72 Ind. 511 ; *Rucker* v. *Steelman*, 73 Ind. 396 ; *Turner* v. *The First National Bank, etc.*, 78 Ind. 19. The case of *Glidewell* v. *Spaugh*, 26 Ind. 319, is cited as maintaining a different doctrine.

The facts, upon which the admission of the judgment referred to in that case rested, are very imperfectly stated in the opinion, and hence we have no means of ascertaining whether

that case was in any respect a parallel case with this; but whatever the facts in that case may have been, it has been long since impliedly overruled in respect to the doctrine it is now cited to maintain.

It is further insisted that, as the plaintiff did not prove title in Hollowell at the time he executed the mortgage upon which the decree of foreclosure was based, the evidence failed to make out a case for the plaintiff.

It is true, that in actions like this against a person other that the judgment defendant, the general rule.is, that, in addition to proof of the judgment, execution,sale and sheriff's deed, the plaintiff must show title in the judgment defendant; but, where both parties claim under the judgment defendant, title in him is admitted, and need not be otherwise proven.    The evidence was not conclusive on that point, but the fair inference from all the evidence was, that both parties claimed title under Hollowell, the judgment defendant.

The sheriff, in his return to the order of sale, read in evidence, stated, amongst other things, that he posted up notices of the sale in three of the most public places in Monroe township, of Madison county, but did not say that Monroe township was the township in which the real estate was situate.

It is contended, that, by reason of that omission, the return was fatally defective, and hence did not show a valid sale.

The law does not, however, favor the application of so strict a rule to returns made upon sheriffs' sales.

It is the policy of the law to uphold execution and judicial sales so far as can reasonably be done, and where a sheriff's return is silent as to any particular act he is required to perform in making a sale, the presumption is that the sheriff did his duty.    Rorer on Judicial Sales, sections 14, 57 and 776; *White* v. *Cronkhite*, 35 Ind. 483; *Talbott* v. *Hale*, 72 Ind. 1.

It is further contended that the court erred in excluding the deed from Milliken to the defendant, if, for no other reason, because the averment of the second paragraph of the complaint necessarily brought that deed before the court.

The averment of the second paragraph of the complaint, thus relied on, was, in effect, that the defendant had no valid claim of title under the Milliken deed, and we are unable to see that the admissibility of that deed, when offered in evidence as proof of title, was in any manner promoted by such an averment.

As has been seen, the tax deed did not recite that Hollowell had no personal property from which the unpaid taxes assessed against him might have been collected. There was no proof, nor offer to prove, *aliunde*, that Hollowell had no such personal property. At the time, therefore, the Milliken deed was offered in evidence, the defendant had not shown, and had given no assurance of his intention or ability to show, a valid title in Milliken to any of the land included in the tax deed, or described in the complaint. *Smith* v. *Kyler*, 74 Ind. 575. No injury was consequently inflicted upon the defendant by the exclusion of the Milliken deed.

Whether that deed might not have been made legally admissible as evidence of title in the defendant to some of the land named in the complaint by proper preliminary assurances as to additional facts expected to be proven, is a question we need not now consider, as no such question is presented by the record.

It is still further contended that the Milliken deed ought to have been admitted, to show that the defendant had become the assignee of, or subrogated to, the State's lien for taxes on some of the land claimed by the plaintiff, and hence entitled to a foreclosure of such lien on the land.

But no such question was presented to the court below, and nothing was reserved upon the proceedings below which presents such a question for our decision here. The tax deed and the Milliken deed were both offered in evidence to prove title in the defendant, and not to establish a right in him to a decree to enforce a tax lien on the land. *Flinn* v. *Parsons*, 60 Ind. 573; *Duke* v. *Brown*, 65 Ind. 25.

The judgment is affirmed, with costs.