No. 9835.

HALE ET AL. *v.* TALBOTT.

SHERIFF'S SALE. — *Appraisement.* — *Return.* — *Evidence.* — *Presumption.* — A sheriff's sale of lands upon an execution subject to appraisement, where the return is silent as to the subject of appraisement, is supported *prima facie* by the presumption that the officer did his duty, and unless this presumption be overcome by sufficient evidence, the purchaser's title will be held good.

From the Tippecanoe Circuit Court.

*G. S. Orth, J. Park* and *S. T. Stallard*, for appellants.

*M. Jones* and *J. L. Miller*, for appellee.

MORRIS, C.—The appellee commenced this suit in the Benton Circuit Court to recover the possession of, and to quiet his title to, forty acres of land situate in Benton county, In-

diana.   After the cause had been once tried in the Benton Circuit Court and a new trial granted, the venue was, by the agreement of the parties, changed to the Tippecanoe Circuit Court.   The second trial in the Tippecanoe Circuit Court resulted in favor of the appellee.   The appellants moved for a new trial.   The motion was overruled, and final judgment was rendered in favor of the appellee.   The overruling of the motion for a new trial is assigned as error.

The ground upon which a new trial is asked is the want of sufficient evidence to support the finding of the court. The appellee introduced testimony showing that John G. Osborn, on the 5th day of September, 1852, purchased the land in controversy from the United States; that he, on the 4th day of November, 1853, sold and conveyed said land to the Cincinnati, Peru and Chicago Railroad Company; that on the 1st day of April, 1858, one George Barnes recovered a judgment against said railroad company in the LaPorte Circuit Court for the sum of $1,674.57 and costs of suit; that said judgment was rendered with relief from appraisement laws, and was, on the 18th day of March, 1867, by Mary L. Barnes, administratrix of said George Barnes, then deceased, assigned to one E. L. Dickey, who, on the 6th day of August, 1872, assigned said judgment to the appellee; that on the 21st day of May, 1873, said judgment was revived in the name of the appellee; that on the 6th day of June, 1873, an execution was issued on said judgment, directed to the sheriff of Benton county, which did not waive relief from appraisement laws; that, on the 19th day of July, 1873, the sheriff of Benton county sold said land to the appellee, who was the highest bidder for the same, and on the same day the sheriff executed and delivered to the appellee a deed conveying to him the land in dispute.   Neither the return of the sheriff upon said execution nor other evidence introduced by the appellee affirmatively shows that the sheriff had caused said land to be appraised.

The appellants introduced upon the trial Henry C. Harris

as a witness, who testified that he was acquainted with the defendants below, but not with the plaintiff; that he was the sheriff of Benton county during the year 1873, and that as such sheriff he sold the land in controversy to the appellee upon an execution directed to him from the LaPorte Circuit Court, and that he executed to the appellee the deed offered in evidence by him; that he had no recollection of the land having been appraised; that he caused the usual legal notice of said sale to be published in the Oxford Tribune, a weekly newspaper of general circulation in the county where the real estate was situate.   A newspaper was handed to him, which was identified by him as the Oxford Tribune, bearing date June 25th, 1873, and his attention was then called to a notice of said sale in these words:

"Sheriff's Sale:   Notice is hereby given, that by virtue of an execution issued by the clerk of the LaPorte Circuit Court, etc., I will expose at public sale, etc, on Saturday, July 19th, 1873, between the hours of, etc., the following described real estate, etc.   Said real estate taken as the property of the Cincinnati, Peru and Chicago Railroad Company, etc.   Said sale will be made without relief from appraisement laws," etc. This notice was read in evidence by the appellants.   The witness then stated that he had no recollection of the land having been appraised; that he had a recollection of the land having been sold aside from the notice and the return to the execution; that he recollected that Mr. Miller was present at the time of the sale, and that he bid off the land for Mr. Talbott.   If he had the land appraised, he thought it would have been referred to and made a part of his return to the execution; that he did not think that the land was appraised. The witness then proceeded as follows:   "I scarcely think I should have sold on such a writ as this without appraisement; my impression is I did not appraise; I would not say positively that I did not."

The question contested by the parties is, whether the land

in controversy was sold by the sheriff to the appellee without or with appraisement, and we have stated all the testimony in the case bearing upon this question.

If the land was sold without appraisement, the sale was void, and the appellee has no title to the land. The appellee must recover upon the strength of his own title, and not upon the weakness of the title of the appellants. It was, therefore, for him to show that the sale was legally made. As neither the judgment nor execution waived the appraisement law, the burden of showing that the sale was made subject to appraisement rested upon the appellee.

By proving the sale as hereinbefore stated, the law raises a presumption that the officer had done his duty and caused the land to be appraised before offering it for sale. Upon such proof, the appellee was entitled to recover unless the testimony introduced by the appellants was sufficient to overcome the presumption that the officer had, in selling the land, acted in accordance with the requirements of the law. *Evans* v. *Ashby*, 22 Ind. 15.

The sheriff, who made the sale, testifies that he has no recollection of causing the land to be appraised; that he thinks it was not; that his impression is that it was not appraised; that he thinks he would not have sold the land on such an execution without appraisement; that he can not say positively that the land was not appraised. The sheriff testified some eight years after the sale was made, and his opposing inferences, thoughts and impressions seem to neutralize his testimony, and leave unimpaired and unaffected the presumption that, in making the sale of said land, he did his duty. Nor do we think the fact that it was stated in the notice that the sale would be made without relief from appraisement laws would justify this court in holding, in opposition to the finding of the court below, that the sale had not been legally made. The return of the sheriff upon the execution, put in evidence by the appellee, stated that the notice of sale had been published in the Benton Tribune, not in the Oxford

Tribune. The court below having heard all the evidence, found the sale to have been validly made. Under the rulings of this court we should not, upon conflicting presumptions and inferences, disturb the finding of the court below. We think there is no available error in the record.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be affirmed, at the costs of the appellants.