Coan *v.* Elliott.

No. 11,557.

Coan *v.* Elliott.

REAL ESTATE, ACTION TO RECOVER.—*Sheriff's Sale.* — *Description.* — *Void Deed.*—*Evidence.*—In ejectment, where the defendant shows title by sheriff's sale and deed, to satisfy a judgment against the plaintiff, the land being described therein exactly as in the deed upon which the plaintiff solely relies to show his title, the verdict must be for the defendant, though by reason of insufficient description of the land both deeds be void.

SAME.—*Execution.*—*Sheriff's Return.*—*Appraisement.*—*Evidence.*—Where the sheriff sells land on execution, the appraisement thereof is no part of his return, and if returned it is not even *prima facie* evidence, and if it show no appraisement where that is required, its production is not proof of the fact.

SAME.—*Presumption.*—In ejectment, to show that a sheriff's sale was invalid for want of appraisement, it is necessary to show affirmatively that there was no appraisement, else it will be presumed that the sheriff did his duty.

From the Knox Circuit Court.

*J. C. Denny,* for appellant.

*T. R. Cobb* and *O. H. Cobb,* for appellee.

COLERICK, C.—This action was brought by the appellant to recover the possession of certain real estate. The complaint was in the ordinary form prescribed by the statute in such cases. An answer of general denial was filed. The issues were tried by the court and resulted, over a motion for a new trial, in the rendition of a judgment in favor of the appellee. The only error assigned by the appellant for the reversal of the judgment is the ruling of the court below upon the motion for a new trial.

It appears by the evidence, which is in the record, that Charles Grimes, on the 3d day of March, 1876, recovered a judgment against the appellant, in the Knox Circuit Court, for $592.55, upon which an execution was duly issued, and to satisfy it the sheriff levied upon the real estate in controversy, as the property of the appellant, and sold the same to

said Grimes, who paid the purchase-money therefor and obtained from the sheriff a certificate of purchase, which he afterwards assigned to Sarah Grimes, who, as the owner and holder thereof, received from the sheriff, after the time allowed by law for the redemption of the property from said sale had expired, a deed of conveyance for the property, and she subsequently sold and conveyed the same to the appellee.

It is insisted by the appellant that the evidence shows that the sale so made by the sheriff was void:

1st. Because the property was not properly described, or sufficiently identified by the sheriff in his levy of the execution, as shown by his return indorsed thereon.

2d. Because the property was not sufficiently described in the sheriff's deed.

3d. Because the property was sold by the sheriff without an appraisement of the rents and profits thereof, or an offer to sell the same for a period not exceeding seven years.

As to the first and second objections presented by the appellant to the validity of the sale, it is sufficient to say that the property which was levied upon and sold by the sheriff to satisfy the judgment, was described by him, in his return to the execution and in his deed to Sarah Grimes, exactly the same as it was described in the deed of conveyance to the appellant, and upon which the appellant solely relied, on the trial of the action, to establish his title to the property and his right to its possession. If the description was so radically defective as to destroy the validity of the sheriff's levy and deed, as contended by the appellant, it also, for the same reason, rendered his deed void, and, therefore, the finding and judgment of the court below was correct, as the burden of proof rested upon the appellant to prove the truth of the averment in his complaint, that he was the owner of the property and entitled to its possession. In cases like this, if the plaintiff fails to show title and right of possession in himself, he can not recover in the action, although the defendant has no title to the property and is not entitled to its

possession. _Mull_ v. _Orme_, 67 Ind. 95; _Deputy_ v. _Mooney_, 97 Ind. 463. Because, in such cases, the plaintiff's right to recover depends upon the strength of his own title, and not on the weakness or want of title in the adverse party.

As to the last objection, it was recited in the sheriff's return to the execution that he had caused the property to be appraised before its sale, and it was also recited therein, and in the deed executed by him, that before selling the fee simple of the property he offered for sale its rents and profits for a period not exceeding seven years, and received no bid therefor. If an appraisement of the property was required to give validity to the sheriff's sale, proof that it was appraised was not incumbent on the appellee, as he was only bound to show a valid judgment, execution, sale and sheriff's deed. _Mercer_ v. _Doe_, 6 Ind. 80; Rorer Jud. Sales, section 716. And in the absence of competent proof showing the failure of the sheriff to cause the property levied upon by him to be appraised, as required by law, it will be presumed that he, in that respect, performed his duty. _Mercer_ v. _Doe, supra;_ _Evans_ v. _Ashby_, 22 Ind. 15. It is claimed by the appellant, that the appraisement which purported to be filed with the sheriff's return to the execution omitted to show that the rents and profits of the property had been appraised. The appraisement so filed can not be regarded as a part of the return, because it is only when property levied on remains unsold that the sheriff is required to return the appraisement with the execution (R. S. 1881, section 740), and even then it is not essential that the fact of such appraisement should be noted in the return indorsed on the execution. _Thurston_ v. _Barnes_, 10 Ind. 289. A sheriff's return to an execution is competent evidence only as to such facts as he is required by law to set forth in his return. As to other facts, it is not even _prima facie_ evidence of the truth thereof as between the parties to the proceeding, or third parties, nor in the officer's own favor. Rorer Jud. Sales, section 722. A purchaser at a sheriff's sale is not required to see that the sheriff makes a

return to the execution, nor are his rights affected by the sheriff's failure to make a return, or by his making an imperfect or incorrect one. *Doe* v. *Heath*, 7 Blackf. 154; *State, ex rel.*, v. *Salyers*, 19 Ind. 432 ; Rorer Jud. Sales, section 716.

The motion for a new trial was properly overruled by the court.

As there is no error in the record the judgment should be affirmed.

PER CURIAM.—The judgment of the court below is affirmed, at the costs of the appellant.

Filed April 8, 1885.