Filed June 4, 1895.

---

No. 17,130.

## LYTTON ET AL. *v.* BAIRD.

REAL ESTATE.—*Sale on Execution.—Appraisement.—Rents and Profits.—Special Finding.—Construction.*—In an action by the purchaser of real estate on execution sale, for ejectment and to quiet title, a finding "that the appraisement returned with the execution contained only an appraisement of the real estate" is not equivalent to a finding that the appraisement of the rents and profits was not contained therein, and more especially is this construction true where it is found, in addition, "that said real estate had, in all things, been duly appraised according to law."

SAME.—*Rents and Profits.—Appraisement.—Presumption.—Special Finding.*—To overcome the presumption that the rents and profits were

Lytton *et al. v.* Baird.

properly appraised it must affirmatively appear, from the facts found, that the rents and profits were not appraised.

SAME.—*Quære,* Will a failure to appraise the real estate, or the rents and profits thereof, when such appraisement is required, render the sale void or only voidable?

From the Monroe Circuit Court.

*R. A. Fulk* and *E. Corr,* for appellants.

*H. C. Duncan* and *W. Hickam,* for appellee.

MONKS, J.—Appellee brought this action in ejectment and to quiet title to the real estate in controversy.

At the request of the parties the court made a special finding of the facts and stated its conclusions of law thereon. Appellants each excepted to each of the conclusions of law. Judgment was rendered in favor of appellee.

The only alleged error urged is that the court erred in its conclusions of law.

It appears from the special finding that appellee recovered a judgment, with relief, against appellant William C. Lytton, in the Monroe Circuit Court in 1882. The real estate in controversy was sold by the sheriff on an execution issued on said judgment, and appellee became the purchaser thereof and received a sheriff's deed therefor after the expiration of the year allowed for redemption.

Counsel for appellants contend "that the special findings show that the real estate was sold without an appraisement of the rents and profits, and that therefore the sale by the sheriff was an absolute nullity and conveyed no title to appellee, and hence the conclusion of law that he owned said real estate or any part thereof was erroneous."

It is earnestly insisted by counsel for appellee "that the special finding does not state or show that the real estate was sold without any appraisement of the rents

and profits," and that if it did so state or show, said sale would not be void.    The finding of a valid judgment, execution, sale and sheriff's deed would *prima facie* establish appellee's title.    *Mercer* v. *Doe on Demise*, 6 Ind. 80; *Carpenter* v. *Doe on Demise*, 2 Ind. *465; *Woolen* v. *Rockafeller*, 81 Ind. 208, and cases cited.

In the absence of a finding that the sheriff did not appraise the property in controversy as required by law, it will be presumed that he performed his duty in that respect.    *Mercer* v. *Doe on Demise, supra; Law* v. *Smith*, 4 Ind. 56 (60); *Evans* v. *Ashby*, 22 Ind. 15 (17–18); *Culbertson* v. *Milhollin*, 22 Ind. 362; *Hall* v. *Craig*, 125 Ind. 523; *Davis* v. *Hoover*, 112 Ind. 423, and cases cited; *Coan* v. *Elliott*, 101 Ind. 275; *Milburn* v. *Phillips*, 136 Ind. 680; *Talbott* v. *Hale*, 72 Ind. 1; *Hale* v. *Talbott*, 86 Ind. 447; 2 Freeman Executions (2d ed.),section 339,on page 1139.

After fully setting forth the judgment, execution and sale of the real estate by the sheriff, and deed therefor to appellee, the finding proceeds as follows:    '"That the sheriff's return thereof on said execution shows that said real estate had in all things been duly appraised according to law and had sold for more than two-thirds of the appraised value thereof; that the appraisement returned with the execution contained only an appraisement of the real estate, and which was all the appraisement made."

It is upon this part of the finding that the contention arises.

As the parties have treated the part of the special finding set out as a finding of facts, we will so consider it, although it seems to be a finding of what the return to the execution shows, and not that the same are facts.

If the "real estate was in all things duly appraised according to law," then the rents and profits were appraised.    The appraisement of the rents and profits, re-

quired by sections 753, 754, R. S. 1881 (sections 765, 766, R. S. 1894), is an interest in real estate.  *Ragsdale* v. *Mathes*, 52 Ind. 495.

In that case this court held, under the redemption law of 1861, 2 G. & H. p. 251, which provides for the redemption of real estate or any interest therein, sold on execution, etc., that when the rents and profits were sold on execution, the interest so sold might be redeemed within one year from the day of sale, and that the purchaser at such sale was not entitled to possession during such period, the same as if the fee-simple had been sold.

A finding "that the appraisement returned with the execution contained only an appraisement of the real estate" is not equivalent to a finding that the appraisement of the rents and profits was not contained therein.  We could not infer, from such finding, that the rents and profits were not appraised in such appraisement.  If we could draw such inference, we would have first a finding that the rents and profits were appraised, and then, in the next sentence, a finding of facts from which we could infer that they were not appraised.  The finding, so construed, would be the same as if no finding had been made on the subject.  To overcome the presumption that the rents and profits were properly appraised, it must affirmatively appear, from the facts found, that the rents and profits were not appraised.

It follows, therefore, that the facts stated in the special finding are not sufficient to overthrow the presumption that the sheriff did his duty in all respects in the sale of said real estate, and that the rents and profits were properly appraised.

The decisions in this State upon the question whether the failure to appraise the real estate or the rents and profits thereof, when such appraisement is required,

renders the sale void, have not been uniform; there is at least a seeming conflict, the later cases hold that such sales are voidable and not void.   *Cox* v. *Bird*, 88 Ind. 142; *Stotsenburg* v. *Stotsenburg*, 75 Ind. 538; *Reily* v. *Burton*, 71 Ind. 118; *Milburn* v. *Phillips, supra.*   See, also, *Jones* v. *Kokomo Building Assn.*, 77 Ind. 340; *Weaver* v. *Guyer*, 59 Ind. 195; *Elston* v. *Castor*, 101 Ind. 426; *Ribelin* v. *Peugh*, 126 Ind. 216 (220); *Barnes* v. *Zoercher*, 127 Ind. 105 (108), and cases cited; *Meriwether* v. *Craig*, 118 Ind. 301; *Ferrier* v. *Deutchman*, 81 Ind. 390.                                        •

In *Helm* v. *Swiggett*, 12 Ind. 192, which was an action to set aside a sheriff's sale of real estate for the reason that the same was sold on a judgment with relief, without an appraisement of the rents and profits, a direct attack on the sale, this court said:   ''The sale was erroneous, and should have been set aside.   We make no decision as to whether the sale would or would not have been held void collaterally.''

Having reached the conclusion that the special finding does not show that the real estate was sold without an appraisement of the rents and profits, it is not necessary to determine whether the sale, if so made, was void or voidable.

Judgment affirmed.

JORDAN, J., took no part in the decision of this cause.
Filed June 5, 1895.