Filed Dec. 9, 1884.

---

No. 9682.

## MUNSON v. COLE ET AL.

WILL.—*Power of Executor to Sell Real Estate.*—*Trusts and Powers.*—*Mortgage.* —*Lien.*—A. died testate, December 4th, 1864, the owner, among other property, of a certain town lot. By his will he devised one-fourth of all his property to his widow, one-fourth to his daughter E., and one-half to the children of a deceased daughter, subject to the conditions contained in the fourth clause, which was as follows : " 4. I hereby constitute and appoint my son-in-law, C., executor of my last will and testament and trustee to manage the property above devised and bequeathed, investing the title in him as such trustee, empowering him, and enjoining him, to continue, carry on, and manage my business in merchandising and all other business, for the joint interests of his children, my wife and daughter E., for and during the term of five years, and as much longer as shall be mutually agreed upon by my said legatees ; invest-

ing my said executor with full power under the will to sell and convey all my real estate, or any part thereof, at his own discretion, and without any application to a court of law.    ✻    ✻    I further authorize my said executor to purchase and improve such real estate as he may deem necessary or expedient for the transaction of the mutual and joint business of my said legatees." C. qualified as executor, and more than five years afterwards, while the settlement of the estate was still pending, he purchased of the widow and daughter their interests in the estate, and to secure the payment of the purchase-money executed to them a mortgage upon all of said real estate. Afterwards he subdivided the town lot above mentioned, and sold the parcels to various persons. There was no agreement that he should act as trustee for a longer period than five years. In a suit to foreclose the mortgage against these purchasers, *Held*, that the power to sell real estate was conferred upon C. as executor, and not as trustee, and that he had power to sell after five years.

*Held*, also, that by such sale the title of the devisees was divested, and the mortgage ceased to be a lien upon the land.

*Held*, also, that the executor, being authorized by the will to sell " at his own discretion," was not bound to comply with the statute requiring appraisement, notice, etc.

*Held*, also, that the purchasers were not compelled to see to the proper application of the purchase-money.

From the Cass Superior Court.

*S. T. McConnell*, for appellant.

*M. Winfield, Q. A. Myers, N. O. Ross* and *G. E. Ross*, for appellees.

Best, C.—On the 4th day of December, 1864, Chauncey Carter died testate, the owner of the north half of lot No. 20, in John Tipton's administrator's second addition to the town of Logansport, several other parcels of real estate and considerable personal property, leaving surviving him his widow, Mary Carter, the appellant, his daughter, and four grandchildren, to whom he devised said property in the following proportions: One-fourth to the widow, one-fourth to the daughter, and the balance to his grandchildren, and by his will nominated the father of said grandchildren, Joseph Culbertson, executor of his will and trustee of his estate. Pending the settlement of his estate, and more than five years after said Culbertson had assumed the duties of said trusts,

he purchased of the widow and daughter their interests in said estate, and to secure the payment of the purchase-money executed to them a mortgage for $10,500 upon all of said real estate and upon the east half of lot 56 in the old plat of said town. Afterwards said Culbertson subdivided said north half of lot 20 into twenty-two lots, numbered from one to twenty-two inclusively, and sold and conveyed said lots to the various appellees for value, under and by virtue of an alleged power conferred upon him by the will of said testator. Subsequently the widow and daughter foreclosed said mortgage, and sold all the property embraced therein, except the east half of said lot 56, under said decree, and only realized therefrom a portion of the debt secured by the mortgage. Thereupon they brought this action to foreclose said mortgage for the balance due thereon against the appellees, who were not made parties to the previous foreclosure proceedings. Thereafter, but before answer, the mother died devising her estate to the daughter, and this fact was brought into the record by supplemental complaint. Issues were then formed upon the complaint, upon a cross complaint by each appellee, and these were submitted to the court for trial, with the request that the court find the facts specially and state its conclusions of law thereon. This was done. A summary of the facts found, as taken from appellant's brief, is in these words:

" 1. Chauncey Carter died testate December 4th, 1864.

" 2. By his will, in the first three clauses, he devised one-fourth of his estate, real and personal, to his wife, Mary Carter; one-fourth to his daughter Emma, the appellant, and one-half to the children of his deceased daughter Rhoda and Joseph Culbertson. The fourth clause of the will is as follows: ' The foregoing devises and bequests are made subject to the following conditions, to wit: 4. I hereby constitute and appoint my son-in-law, Joseph Culbertson, executor of my last will and testament, and trustee to manage the property above devised and bequeathed, investing the title in him.

as such trustee, empowering him, and enjoining him, to continue, carry on, and manage my business in merchandising and all other business, for the joint interests of his children, my wife and daughter Emma, for and during the term of five years, and as much longer as shall be mutually agreed upon by my said legatees; investing my said executor with full power under the will to sell and convey all my real estate or any part thereof at his own discretion and without any application to a court of law, except my present residence in the city of Logansport, which shall not be sold except by the consent of my wife, Mary Carter, and that my residence shall be occupied by my wife and daughter and by Joseph Culbertson and his family in common, as a home, during the pleasure of each of them. I further authorize my said executor to purchase and improve such real estate as he may deem necessary or expedient for the transaction of the mutual and joint business of my said legatees. And I hereby make and declare the foregoing to be my last will and testament.'

" 3. The will was probated, and the executor qualified on the 30th day of May, 1865. The executor continued to act as such until the 1st day of June, 1878, when he was removed on appellant's application.

" 4. The testator died seized in fee of all the land described in the mortgage sued on except the east half of lot No. 56, old plat of Logansport.

" 5. On the 26th of October, 1870, Mary Carter and the appellant, who was then married, her husband joining, sold and conveyed all their interest in the lands mortgaged to Joseph Culbertson, the executor, as an individual, not as executor, for $10,500, for which he executed the note and mortgage mentioned in the complaint. The mortgage was duly recorded.

" 6. Mary Carter and appellant brought suit in the Cass Superior Court, and on the 16th of November, 1878, recovered judgment of foreclosure for $7,848.75, the amount then due, under which all the mortgaged premises were sold except

the east one-half of lot 56, old plat of Logansport, and the lots claimed by appellees.

" 7. That plaintiffs realized on those sales the aggregate sum of $1,981.70.

" 8. On or about March 27th, 1875, Culbertson sold the east half of said lot 56 for $8,500, and on that day the mortgagees released the mortgage as to that lot. Of that amount $4,000 were paid to the mortgagees, and credited on the mortgage debt.

" 9. On the 10th of November, 1877, the mortgagees released the mortgage as to the west sixty feet of lot 49, old plat of Logansport. This parcel was then, and is, worth $6,000. That it was sold by Culbertson as executor, and that no part of the purchase-money was applied on the mortgage debt.

" 10. Since the commencement of this suit Mary Carter has died testate, leaving appellant her sole devisee.

" 11. On April 1st, 1871, Culbertson, as executor, subdivided and platted the north half of lot 20, in Tipton's administrator's second addition to Logansport, into twenty-two lots.

" 12. On the 19th of August, 1872, the executor, as such, sold and conveyed one of those lots to appellee Cole, and at divers times during that year and 1873, as executor, sold and conveyed to the other appellees the respective lots claimed by them, all for a fair value.

" 13. Appellant and her mother lived at Albany, N. Y., from 1871 until 1878, and had no actual knowledge of the subdivision of the north half of lot 20, or of any of the sales to the appellees, until the year 1878 ; but they did know that Culbertson continued to act as executor, and made no objection till they petitioned for his removal in 1878."

The court, upon the facts found, stated the following conclusions of law :

1st. That Joseph Culbertson, as executor, had power to subdivide and plat the north half of said lot twenty.

2d. That said executor had power to sell and convey said

property after the expiration of five years from the death of the testator.

3d. That the interest and title of the appellant and her mother in said real estate were subject to the right of the executor to sell the same in execution of his trust.

4th. That the conveyance by them to him, and the execution of the mortgage by him to them, were made subject to the right of the executor to sell and convey said property.

5th. That the several conveyances made by him to the appellees conveyed to them all the title the testator had in the property at the time of his death.

6th. That the respective titles of the appellees are valid, and that they should recover.

A motion for a new trial was overruled, and judgment was rendered for the appellees. Exceptions were properly reserved, and the decisions of the court upon the facts found, and upon the motion for a new trial, are urged as error.

The facts found do not show that the parties agreed that said Culbertson should act as trustee for a longer period than five years, and as the conveyances to the appellees were made thereafter, the controlling question in the case is whether said Culbertson possessed any power under the will to sell the property after five years from the death of the testator. If he possessed such power, and the several conveyances were executed in accordance with the law, the title of the devisees was thereby divested, and as a consequence the mortgage of appellant no longer remains a lien upon the land. If, on the other hand, the executor had no power to make such sales, or the conveyances were not made in conformity with the law, the title of the devisees was not divested, and the appellant's mortgage is a valid lien upon said land as against the appellees.

The solution of this question depends upon the proper construction of the fourth clause of the testator's will. By that clause Culbertson was clothed with two offices, one that of trustee and the other that of executor. One he was en-

titled to hold for five years, and the other for an indefinite time. The duties imposed upon him as trustee were imposed by the will, and those imposed upon him as executor were imposed partly by will and partly by law. The duty "to continue to carry on and manage" the testator's business and to purchase and improve real estate for such purpose rested upon him as trustee, and the duty to settle the estate and make distribution rested upon him as executor. These duties are distinct, and no uncertainty arises concerning them. The will also conferred the power to sell the real estate, and the real difficulty is to determine whether this power was conferred upon him as trustee or as executor. If upon him as trustee, the power was not exercised within the time limited, and its exercise was inoperative. If upon him as executor, the power was executed in time and its execution is valid. The express language of the will is that the executor is invested with this power, but it is insisted that the terms "trustee" and "executor" were employed by the testator interchangeably, and that in this instance he used the word "executor" in the sense of trustee and simply as descriptive of the person. Plausibility is given to this position by the last clause of the will which, in terms, authorizes the executor to purchase and improve such real estate as he may deem necessary or expedient for the transaction of such business as he was required to carry on for the benefit of the legatees. The authority thus conferred pertains to the office of a trustee, and not to that of an executor, and it is therefore manifest that the word used was employed in the sense of "trustee." This fact, therefore, lends plausibility to the claim that the word "executor" in the preceding portion of this clause was used in the sense of "trustee," and if there was nothing other than the mere word "executor" to indicate a contrary intention upon the part of the testator, we would be strongly inclined to adopt such construction. The clause, however, not only in terms confers the power upon the executor, but it empowers him to sell the real estate "without any applica-

tion to a court of law." This language is quite significant. It indicates the character in which the testator intended that Culbertson should possess the power. The execution of powers by trustees is not dependent upon the action of a court of law, and as applicable to such officers the language is without meaning. On the other hand, the execution of a power to sell real estate by an executor is usually subject to the supervision of the courts, and hence this language indicates that the testator intended that his executor should execute such power without such supervision. It is true that in this instance the execution of the power was not subject to such supervision, but the fact that the testator thought proper expressly to authorize the execution of such power without such supervision indicates the character in which the power was conferred. This, in connection with the fact that the testator, in conferring the power, names the donee as executor, and not as trustee or by name, warrants the conclusion that the testator intended to confer such power upon Culbertson as executor. If some other person had been named as trustee, and the same language had otherwise been employed by the testator, no doubt could arise about the power being conferred upon Culbertson as executor. This being true, the mere fact that other duties were imposed upon him, and that in relation to them he was designated a trustee, can not control language that would otherwise confer a power upon him as executor. Nor does the fact that the title was vested in him as trustee affect this conclusion. If he possessed the power, he could execute it whether the title was in him or in the legatees. *Crittenden* v. *Fairchild*, 41 N. Y. 289; *Kinnier* v. *Rogers*, 42 N. Y. 531.

We are, therefore, of opinion that Culbertson, as executor, possessed the power to sell and convey the real estate of said testator.

It is further insisted that if said Culbertson possessed the power to sell and convey such real estate, the conveyances made were inoperative, because the land was not appraised,

notice given, the sale reported and confirmed by the court as required by law. Our statute provides that where lands are directed by a will to be sold, " Sales of such real estate, as to giving notice, conveying, taking notes and mortgages, return and confirmation," shall be conducted as sales by an administrator for the payment of debts, " unless by the terms of the will different directions are given ; but no petition, or notice of the filing thereof, shall be required." Sections 93 and 94, 2 R. S. 1876, p. 530.

It is sufficient, perhaps, to say that this land was not ordered sold by the will, and hence it was unnecessary to comply with this provision of the statute. Aside from this, the executor was authorized to sell " at his own discretion," and the authority thus conferred necessarily operated as a different direction from those prescribed by the statute. The conveyances were not, therefore, invalid, because these requirements had not been observed.

The executor having power to make the sales, and having executed conveyances therefor in conformity with the law, the purchasers were not compelled to see to the proper application of the purchase-money. *Andrews* v. *Sparhawk*, 13 Pick. 393; *Gardner* v. *Gardner*, 3 Mason, 178.

Having reached the conclusion that the title of the devisees was divested by the several sales and conveyances made, and as no question arises as to the facts upon which this conclusion rests, it becomes unnecessary to consider the questions raised by the motion for a new trial, as the appellant is not entitled to recover, whatever errors may have intervened during the trial. The judgment should, therefore, be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at the appellant's costs.

Filed Dec. 11, 1884.