Davis v. Hoover *et al.*

No. 13,057.

DAVIS v. HOOVER ET AL.

EXECUTORS AND ADMINISTRATORS.—*Power of Administrator With Will Annexed.*—It is a general rule that an administrator with the will annexed takes all the power under the will which would have devolved upon an executor, had one been named.

SAME.—*Sale of Real Estate.—Implied Power.*—If a testator directs that his real estate be sold, without declaring by whom the sale shall be made, the power to sell, if no contrary intention appears, vests in the executor, if the proceeds are distributable by him, or if the duties imposed with reference thereto are such as usually devolve upon an executor.

SAME.—*Order of Court.— When not Necessary.*—Under sections 2359 and 2360, R. S. 1881, it is not now, and has not been since the former section has been in force, necessary to obtain an order of court to authorize the sale of real estate specifically devised for the payment of debts or legacies.

SAME.—*Appraisement.—Presumption.—Destroyed Records.*—Where the will directs that real estate shall be appraised before sale, it will be presumed, after a sale by the executor or administrator, in the absence of proof to the contrary, where the deed purports to have been made in accordance with the will, and where the public records have been destroyed, that an appraisement was had. Acts of 1883, p. 109.

WILL.—*Construction.— Widow.—Rents and Profits.—Sale of Real Estate.*— Where, by one item of his will, a testator devises to his wife for life the rents and profits of his real estate, and by a subsequent item directs that the property be sold and the proceeds loaned for the benefit of his wife, the two provisions will be construed together and held to mean, that so long as the real estate remains unsold the widow shall have the rents and profits, and after sale the interest on the purchase-money.

From the Madison Circuit Court.

*H. D. Thompson,* for appellant.

*M. S. Robinson* and *J. W. Lovett,* for appellees.

NIBLACK, J.—On the 11th day of June, 1867, Mary Davis, the appellant here, was the wife of Isaac Vanduyne, late of the county of Madison, in this State, who was, at the time, the owner of certain lots, hereinafter described, in the town of Alexandria, in that county. On that day Vanduyne

executed and published his last will and testament, the dis-- posing part of which is as follows:

" Item 1. I give and devise to my beloved wife, Mary Vanduyne, for her natural life, all the rents and profits of the house and lots, and all the appurtenances belonging to the property, where I now live, viz. : lots Nos. 7 and 8 in block No. 10 in the town of Alexandria, Madison county,. State of Indiana.

" Item 2. I also give my said wife the interest during her natural life of the following moneys, viz.: $300—$100 of which is at the date hereof loaned to Conrad Coon; the other $200 to Joseph Pugh; and I further bequeath unto my said wife, for the term of her natural life, the interest and profits of all other moneys or choses in action of which I may be possessed at my death.

" Item 3. I also give and bequeath to my children who may survive my wife all the above described property, to be equally divided between them at the death of my said wife.

" Item 4. I give and bequeath unto my wife all my household furniture and other property of which I may be possessed, not otherwise provided for, to have and to hold forever. It is my will that my said wife shall pay out of the moneys above mentioned all debts that may be outstanding against me at my death. It is also my will that the above described real estate be appraised and sold at private sale, the proceeds thereof loaned out, secured by mortgage on real estate, and the interest, after deducting necessary expenses, given to my wife as her own property, in accordance with item No. 1 of this will."

Vanduyne, the testator, died in September, 1867, leaving this will in full force, and without naming an executor.

On the 3d day of October, 1867, one Cyrenius Free caused the will to be duly proven and admitted to probate in the common pleas court of Madison county, and afterwards procured letters of administration with the will annexed to be issued to him. On the 2d day of October, 1868, Free, as

such administrator with the will annexed, but without any order of court authorizing him to do so, sold the real estate described in the will to one Joseph P. Miller for the sum of $700, being at the time its full value, and on that day, by a deed of conveyance in which he described himself as "executor of the last will and testament of Isaac Vanduyne, deceased," conveyed the said real estate to Miller, such deed, on its face, purporting to be made by virtue of, and in accordance with, said last will and testament, and being properly acknowledged and recorded. Miller paid the purchase-money and went into immediate possession. On .the 16th day of August, 1883, Mary Hoover, the appellee, for a valuable consideration, purchased the real estate in question from a remote purchaser from Miller, and received a deed which, through intermediate conveyances, conferred upon her all the title acquired by Miller under his deed from Free, and with her husband, Valentine Hoover, in good faith, went into possession, which she still holds.

For several years after the real estate was sold and conveyed by Free to Miller, and up to the year 1882, the widow of Vanduyne, the testator, received from time to time from Free various sums of money on account of such real estate, ranging from $47 to $60 per year. Free died in the year 1882, after making the last payment to the widow. Mary Davis, the widow, having for some time thereafter received nothing further on account of such real estate, and claiming that she was, at her option, entitled to demand and receive the rents and profits thereof, commenced this action against Mrs. Hoover and her husband to have the real estate declared to be chargeable, under the will, with the payment of an annual rent to her, and to obtain a decree adjudging her claim for rent to be a lien on said real estate.

Mrs. Hoover and her husband answered in several paragraphs, and filed a cross-complaint demanding that the title of the former be quieted. Issues being joined, both upon the complaint and cross-complaint, the cause was tried upon an

agreed statement as to the facts upon which it rested, which was in substantial accordance with the statement here given, with the additional agreement that all the records and papers belonging to the common pleas court of Madison county, and all other court records of that county, were destroyed by fire on the 10th day of December, 1880, and that the rental value of the real estate in controversy was, and had been since August 16th, 1883, $75 per annum.

Upon the facts, as thus presented, the circuit court made a general finding for the appellees, and gave judgment in their favor on the complaint, and decreed that Mrs. Hoover's title be quieted upon the cross-complaint.

Questions were reserved, and are here made, upon some of the pleadings, as well as upon the sufficiency of the evidence to sustain the proceedings below; but as a proper decision of all depends upon the construction, in certain respects, which ought to be given to the will, which was read in evidence, we will consider only the question of the sufficiency of the evidence.

It is insisted that the propriety of selling the real estate described in the will rested with, or rather in the discretion of, the common pleas court of Madison county, and not with Free, and that hence the sale to Miller without an order of that court was void; that, conceding that an order of court was not necessary, the sale ought to have been held void because it was not affirmatively shown that the real estate was first appraised, as required by the will.

It was held in the case of *Landers* v. *Stone*, 45 Ind. 404, that the only practical difference between an executor and an administrator with the will annexed consists in the mode of their respective appointments—the first being named by the testator, and the latter by the court in which the will is proved. That is undoubtedly a correct statement of law as applicable to the duties ordinarily imposed upon an executor by the will. There may be an exception to this general rule, where a personal and peculiar trust and confidence is reposed

in an executor. Williams Ex. (7th ed.), bot. p. 461, and notes; *Farwell* v. *Jacobs*, 4 Mass. 634; 2 R. S. 1876, 530, section 93; R. S. 1881, section 2361.

The case before us falls within that general rule, and Free took all the power under the will which would have devolved upon an executor if one had been named.

In the construction of a general and indefinite direction of a testator for the sale of his property, Williams on Executors, above cited, says, at bottom page 655: " It sometimes happens that a testator directs his estate to be disposed of for certain purposes, without declaring by whom the sale shall be made. In the absence of such a declaration, *if the proceeds be distributable by the executor*, he shall have the power by implication. Thus, a power in a will to sell or mortgage, without naming a donee, will, if a contrary intention do not appear, vest in the executor, if the fund is to be distributable by him, either for the payment of debts or legacies." See, also, note *a*, and the cases there cited. This rule of construction is both reasonable and practicable, and is well supported by authorities.

The statute in force on the subject of the sale of devised real estate when Free sold that named in the will to Miller was as follows: " When real estate or any interest therein is devised by the will, or directed to be sold for the payment of debts or legacies, the executor shall proceed to dispose of the estate, and apply the same according to the provisions of the will." 2 R. S. 1876, 529, section 92; R. S. 1881, section 2359.

So far as we are advised, it has never been, and, as we believe, it ought not to be, held that, in cases falling within the provisions of this section of the statute, it was necessary to obtain an order of court to authorize the sale of real estate specifically devised for the payment of debts or legacies; and it is now expressly provided by section 2360, R. S. 1881, that it is not necessary, in such cases, to obtain such an order of court. The duties imposed upon some person

by the will under consideration were such as are ordinarily devolved upon an executor or administrator with the will annexed, and hence we conclude that Free, as such administrator with the will annexed, had the implied power to sell the real estate directed to be sold, and to invest and control the proceeds for the benefit of the widow; also, that he had power to sell and convey it without an order of court either authorizing or requiring him to do so. *Munson* v. *Cole*, 98 Ind. 502.

It is sometimes necessary to the sale of devised lands that an order of sale shall first be procured, but that is in a class of cases different from the one at bar. *Duncan* v. *Gainey*, 108 Ind. 579.

This court has held that, where a sheriff sells property on execution, subject to appraisement before sale, and his return is silent as to whether the property was appraised, the presumption will be indulged that the sheriff did his duty, and that an appraisement was made as required, in the absence of proof to the contrary. *Evans* v. *Ashby*, 22 Ind. 15; *Talbott* v. *Hale*, 72 Ind. 1; *Woolen* v. *Rockafeller*, 81 Ind. 208; *Jones* v. *Kokomo, etc., Ass'n*, 77 Ind. 340.

We regard the rule thus applied to a sheriff's sale as having an analogous, and, therefore, a proper application to such a sale as that made by Free to Miller, which it is likewise the policy of the law to uphold by every reasonable presumption of regularity.

It is enacted by the first section of the act of March 5th, 1883 (Acts of 1883, p. 109), " That whenever, heretofore or hereafter, any deed shall have been executed by any administrator, executor, guardian, sheriff, or commissioner of court, by virtue of any order, judgment, or decree of court, or by virtue of any will, or by virtue of any sale made upon any execution issued on any judgment, and the record of such order, decree of court, will, execution, or judgment shall have been destroyed by fire in the burning of any courthouse in this State, then such deed, or the record thereof,

shall be *prima facie* evidence of all the facts recited in such deed, and of the regularity and sufficiency of all the proceedings, records, and papers in virtue of which the deed was executed."

The deed from Free to Miller, in evidence in this case, purporting, as it does, to have been made by virtue of, and in accordance with, the last will and testament of the testator, Vanduyne, falls seemingly, and, as we think, fairly, within the spirit and purview of this statute, and hence carries with it the presumption, if it did not otherwise arise, that the real estate was first appraised as directed by the will. How far the provision of the will requiring an appraisement of the real estate ought to be construed as mandatory, and hence a condition precedent to its sale, presents a question which has not been discussed, and which, in consequence, we have not considered.

Considering the first and last items of the will before us together, we construe them to mean that so long as the real estate remained unsold the widow was entitled to receive the rents and profits resulting from it, but that it was the duty of the person charged with the execution of the will to sell the real estate within a reasonable time at its full or appraised value, and that thereupon the widow was to take the annual and accruing interest on the purchase-money instead of the rents and profits.

The widow appears to have acquiesced in this construction for a period of near, if not quite, fourteen years, and we see no ground upon which she can now be permitted to successfully insist upon a different construction.

The designation of Free as " executor " in the deed to Miller was, under the circumstances attending it, only a mere clerical, and, therefore, immaterial, misdescription of the character in which he conveyed the real estate. *Downie* v. *Buennagel*, 94 Ind. 228.

The judgment is affirmed, with costs.

Filed Dec. 2, 1887.