## FITZGERALD *v.* STANDISH.

*(Jackson.*    April  29,  1899.)

1. WILLS.    *Surviving executrix may execute power of sale.*

Under a will devising the widow a life estate and authorizing her and her co-executor, as such, to sell lands, "if, in their judgment, they think it best," the widow may, as surviving executrix, in pursuance of such power, sell the lands to pay debts of the estate and make a valid, fee simple title.    (*Post, pp. 384–393.*)

2. SAME.    *Survival of powers.*

The general rule is, that powers coupled with a trust, or coupled with an interest in the estate, survive, but mere naked powers do not survive.    (*Post, pp. 388–390.*)

Cases cited and approved: Robinson *v.* Gaines, 2 Hum., 367; Williams *v.* Otey, 8 Hum., 563.

3. SAME.    *Discretionary powers.*

The rule and policy that forbid delegation or survival of discretionary powers, the execution of which rests upon personal trust and confidence, do not apply to discretionary powers conferred upon executors in their representative capacity. (*Post, pp. 391, 392.*)

Cases cited and approved: Deadrick *v.* Cantrell, 10 Yer., 263; Armstrong *v.* Park, 9 Hum., 195; Belote *v.* White, 2 Head, 703; Murdock *v.* Leath, 10 Heis., 176.

4. INNOCENT PURCHASER.    *Rightful execution of powers presumed in favor of.*

Where it is doubtful whether a power has been exercised legally or illegally, in favor of innocent purchasers and meritorious

Fitzgerald *v.* Standish.

claimants, the legal execution will be presumed. (*Post, p. 393.*)

·Cases cited and approved: Marshall *v.* Stephens, 8 Hum., 159; Wilburn *v.* Spofford, 4 Sneed, 699.

FROM SHELBY.

Appeal from Chancery Court of Shelby County. STERLING PIERSON, Ch.

A. S. BUCHANAN for Fitzgerald.

JOHN C. MYERS and F. P. POSTON for Standish.

WILKES, J.   The question involved in this case ·is the power and authority of a survivor of two executors to sell land belonging to the testator under a discretionary power vested by the will in the executors.   It arises under the will and codicil thereto of Rev. James Dennis, of DeSoto County, Mississippi, which are in the following words and figures:

" I, James Dennis, of the County of DeSoto, and State of Mississippi, being of sound and disposing mind and memory, make this, my last will and testament, hereby revoking all other wills made by me, to wit:

" 1. It is my will that all of my just debts be

paid, and funeral expenses, and after they are all paid:

"2. I give, devise, and bequeath all of my estate, real and personal, to my beloved wife, Caroline Dennis, during her natural life.

"3. After her death, I give to the Baptist College, at Clinton, Mississippi, one thousand dollars, the interest of which is to be used to educate poor young men of the Baptist Church who feel it their duty to preach the gospel and have not the means to get an education.

"4. And the remainder, if any, to be equally divided between my nephews, S. B. Dennis and J. B. Dennis, and my niece, Mattie Dennis.

"5. I appoint my wife, Caroline Dennis, and my friend, S. C. Williams, executrix and executor of this, my last will and testament. It is my willl that my executrix and executor give no bond.

"Witness my hand and seal this sixteenth of October, 1878.      JAMES DENNIS. (Seal.)

"J. L. DOLEHITE,

"G. T. BANKS,

"T. L. CLIFTON.

"CODICIL.

"STATE OF MISSISSIPPI,

"DESOTO COUNTY, January 13, 1881.

"I, James Dennis, do make this my codicil, hereby confirming my last will, made on the sixteenth of October, 1878, and do hereby authorize my executor

---

---

and executrix to sell my land, all or any part thereof, if in their judgment they think it best.

"In testimony whereof I have hereunto set my hand and seal this day and date above written.

"J. L. DOLEHITE,        JAMES DENNIS. (Seal.)

"T. L. CLIFTON,

"G. T. BANKS.

"Filed March 5, 1883.    R. R. WEST, *Clerk.*"

Both the executor and executrix were duly appointed, and qualified as such in 1885. Two years after the death of the testator, and after he had qualified as executor, S. C. Williams died, and no other executor was appointed or qualified in his stead. About seven months after the death of S. C. Williams, Mrs. Caroline Dennis, executrix, executed a deed to a lot in Memphis to one Scott Wilson (one of the defendants herein) for $100 cash, he to assume payment of the taxes then due on the said lot, the deed reciting that there is a large amount of back taxes and the taxes of the current year. And in about two years afterward Wilson sold and conveyed this lot to his co-defendant, Mrs. Standish, for $1,750.

The complainants' contentions are: (1) That Mrs. Caroline Dennis only intended to sell and convey her life estate; (2) that neither the executor nor executrix could, alone, convey the fee title to any part of the land belonging to the estate, but that,

by the terms of the will, it required the concurrence of both.

The bill was filed by the remaindermen under the will, and it was sought to have the conveyance made by Mrs. Caroline Dennis, executrix, declared inoperative and void except so far as it might serve to convey - her life estate in the lot. The cause was heard upon demurrer, which presented to the Court the insistence that the deed was a valid execution .of the power given under the will to sell the lot, and that it conveyed a fee simple title thereto to Scott Wilson. This demurrer was sustained and the bill dismissed, and complainants appealed and have assigned errors.

The only question presented in this Court is whether the power to sell the real estate of James Dennis, conferred by this will, survived S. C. Williams, one of his executors, who died without executing the power, and could be exercised by the surviving executrix, Mrs. Caroline Dennis, so as to vest a fee simple title in the purchaser. It is a pure legal question. No bad faith is attributed to the executrix. It appears she received from the sale of the lot $100 cash, and the assumption of current taxes and a large amount of delinquent taxes, but what the full consideration was does not appear. It also appears that when Wilson, two years afterward, sold, he received $1,750 for the lot, but it does not appear that it was not improved in the meanwhile. At any rate, no question is made

but the one of legal authority to sell and the effect of the conveyance as made in good faith. It is said there is an intention, clearly and unmistakably inferable from the will, that the testator did not intend a sale of the real estate to be made except it was concurred in both by his executor, Williams, and his widow, Caroline. As evidences of this intention, our attention is called to the fact that the testator had such implicit confidence in his executor, Williams, that he released him, as well as his wife, from giving any bond; that in the codicil he vested in the executor and executrix power to sell if, in their judgment, they might think best, and the use of these terms, executor and executrix, was a designation as pointed as if he had called the names. It is also said that he does not vest title in his executor, nor does he authoritatively require a sale, but merely confers a power contingent upon their discretion and joint judgment. It is also suggested that the testator must have relied most upon the judgment of his friend, and not upon that of his wife, or he would not have named him as co-executor.

Unquestionably where a mere power is vested in two or more persons, they must join in its execution in order that it be valid, and the general rule is that mere powers do not survive unless so expressed. 18 Am. & Eng. Enc. L. (1st Ed.), 160; *Peter* v. *Beverly*, 10 Pet., 532; *Asgood* v. *Franklin*, 7 Am. Dec., 573; *Burger* v. *Bennett*, 2 Am. Dec., 281.

"A mere direction to executors to sell, there being no devise of an interest and no trust created, is a naked power, and does not survive. But, if anything is directed to be done in which other persons are interested, or if others have the right to call on the executor to execute the power, such power survives, even though it is not strictly a power coupled with an interest." 18 Am. & Eng. Enc. L. (1st Ed.), 961. Powers coupled with a trust do survive, and will be enforced in equity. *Ib.*, note 1. The same doctrine is held in our own cases of *Robinson* v. *Gaines*, 2 Hum., 367, and *Williams* v. *Otey*, 8 Hum., 563. The result of the cases is that a power coupled with an interest in the estate, or with a trust in reference to it, will survive, while a mere naked power will not. Vol. 1, pp. 205, 206.

Mr. Sugden lays down the general rules governing the survivorship of powers as follows:

"1. Where a power is given to two or more by their proper names, not made executors, it does not survive without express words.

"2. Where a power is given to three or more as a class, such as 'my trustees,' 'my sons,' and not by their proper names, the authority survives so long as more than one remains.

"3. Where the power is given to executors, and the will does not expressly require a joint exercise of it,· even a surviving executor may execute it; but, if given to them *nominatim*, though in the

character of executors, it is doubtful whether it shall survive.''

In 2 Perry on Trusts, Sec. 499, it is said: ''In the United States a power given to executors, or trustees as such, to sell real estate, may be exercised so long as a single donee survives.'' To the same effect, see 4 Greenleaf's Cruise's Dig., 199, note 1; 18 Am. & Eng. Enc. L., 963, note 3.

In *Zeback* v. *Smith*, 3 Burnley (Pa.), 69 (S. C., 5 Am. Dec., 352), three executors were given power to sell land, naming them. Two of the executors declined to act, and it was held that, though these were given power *nominatim*, still the authority was given them in their character of executors, and it was held that the one who qualified was empowered to sell.

In the case of *Jackson* v. *Ferris*, 15 Johns., 346, the testator directed a sale of his real estate if there was a deficiency of personal assets, and then devised his real and personal estate to his wife for life, and appointed her and another his executors. The widow alone undertook to execute the will, and there being no personal estate, she sold and conveyed part of the land. The Court held that it was a power coupled both with a trust and an interest, and was well executed by the wife alone. It will be observed, however, that there was a necessity, in this case, to sell land to pay debts.

In *Heim* v. *Forth*, 43 N. J. L., 1, the will directed payment of debts, then gave the wife a life

Fitzgerald *v.* Standish.

estate, with remainder to third persons, and named the wife and a friend as executor and executrix, with power of sale in language much the same as in this case. In that case, as in the one at bar, the will directed, first, the payment of debts, second, created a life estate in the wife and a remainder to third persons, naming his wife and friend as executor and executrix. One of the executors died or was removed, and the survivor attempted to exercise the power, which was resisted. It was held that the power was validly executed, and that the life estate was such an interest as, coupled with the power to sell, had the effect to make the power of sale effective in the surviving executor. Now, in the case at bar, there was no interest vested in Williams, but only a trust to pay debts, and to pay $1,000 to the Baptist College, and to see that the life tenant and remaindermen took under the provisions of the will, and the latter may be classed as passive and not active trusts. As to Mrs. Dennis, there was a life interest, and, in addition, a trust to pay debts. The trust as to the college and as to the remaindermen she could not join in executing, as it was to be executed only after her death, and as to these Williams alone could have the power to sell after her death, and there could be no joint exercise of both power and judgment.

It is strongly urged that the power given in this case, whether coupled with an interest or trust, or not, is, nevertheless, a discretionary power vested in

both.    As to discretionary powers the execution of which rests upon personal trust and confidence, the rule is that the power can only be executed by the trustee, or trustees, appointed by the donor, and cannot be delegated, nor does it survive. *Deaderick* v. *Cantrell*, 10 Yerg., 263; *Armstrong* v. *Park*, 9 Hum., 195; *Belote* v. *White*, 2 Head, 703; *Murdock* v. *Leath*, 10 Heis., 176.

It is agreed, however, that the discretion in this case is not rested upon personal trust and confidence in Williams and Mrs. Dennis, but at most can only vest in them in their representative character as executors, and in that capacity their right to sell is absolute.

It must be noted, however, that the power to sell in- this case is not mandatory.    There is only one contingency in which it could be necessary for the widow to sell, and that is for the payment of debts.    She could not sell for the benefit of the college nor for the remaindermen, for they were to take nothing until after her death.    We are, of course, not now considering the authority of Williams if he had been the survivor.    It is true, a sale might be a matter of convenience and policy for the better enjoyment of the widow's life estate, but this would not be a matter of necessity, but convenience only.    But in this case it appears that she sold, at least to a great extent, to pay debts. The consideration for the deed is $100 cash, and

the current taxes and a large amount of back taxes. The amount of taxes does not appear, but the language of the deed is that it was a large amount, and the term "large amount" was evidently used in contrast to the small amount of cash received. When these taxes accrued does not appear, but the testator died in 1883, and the deed was made in 1885, so that we may and must infer that they had accumulated in the lifetime of the testator to a large extent, and were, therefore, debts against his estate. We think we are authorized, therefore, to infer that the surviving executrix sold this lot in order to pay the large amount of taxes upon it, and the cash of $100 was a mere incident and minor part of the consideration. The purchaser of the lot in this case, as well as the present owner, appear to be innocent purchasers and to have bought in good faith, and in their interest the rule will be enforced that where it is doubtful whether a power has been exercised legally or illegally, in favor of innocent purchasers and meritorious claimants, the legal execution will be presumed: *Marshall* v. *Stephens*, 8 Hum., 159; *Wilburn* v. *Spofford*, 4 Sneed, 699.

We are of opinion, therefore, that the widow, as surviving executrix, had the power to make the sale, and made it for purposes contemplated by the will, and could and did convey a fee simple title and not merely her life estate, and that she con-

veyed as executrix under the power, and not as widow and owner of a life estate simply. The decree of the Court sustaining the demurrer is, therefore, sustained and the bill dismissed at cost of complainant.