H. L. BEDFORD *et al. v.* WM. H. BEDFORD *et al.*

(*Jackson.    April Term, 1903.*)

1. **WILLS.** Power of sale of property vested in executors by implication, when.

   It is well settled law that when a testator directs property to be sold without expressly vesting the power in any one, and the proceeds of the sale are made a trust fund or are to be distributed by the executors, the power to make a sale is, by implication, vested in the executors.   (*Post, pp.* 208-211.)

   Cases cited and approved:   Gee v. Graves, 2 Head., 239; Queener v. Trew, 6 Heisk., 69; Meakings v. Cromwell, 1 Seld., 139; Parker v. Sparkman, 2 Tenn. Cas., 545; Rankin v. Rankin, 36 Ill., 298; Silverthorn v. McKinster, 12 Pa., 71; Vaughan v. Farmer, 90 N. C., 607; Mandlebaum v. McDonell, 29 Mich., 84; Clark v. Hornthal, 47 Miss., 469; Davis v. Hoover, 112 Ind., 423.

2. **SAME.** Power of sale vested in executors coupled with an interest may be executed by the survivors.

   When the power of sale of land vested in executors is coupled with an interest, and a trust is created, the survivors are fully authorized to execute the power originally vested in all of the executors, and a sale made by the survivors, in the execution of such power, will be valid and effective to pass the title to the property.   (*Post, pp.* 208, 211.)

   Case cited and approved: Fitzgerald v. Standish, 102 Tenn., 389.

3. **SAME.** Executors' exercise of discretion conferred in power of sale is conclusive and not subject to review.

   When the executors are authorized to divide the property, or sell it for division, the exercise of their discretion as to the neces-

Bedford v. Bedford.

sity or propriety of a sale, instead of a division, will be conclusive and not subject to review. (*Post, pp.* 208, 211.)

Cases cited and approved: Fitzgerald v. Standish, 102 Tenn., 389; Matthews v. Capshaw, 109 Tenn., 480.

4. **SAME.** Equitable conversion of realty into personalty by direction of sale, when.

The doctrine of conversion of real into personal property is recognized in this State, and a provision for the sale of real estate and distribution of the proceeds contained in a will is evidence sufficient to show the intention of the testator to make such a conversion, and is effective to do so. But the intention to make the conversion must be clear and certain, and the direction to sell the land for that purpose imperative and unconditional. The intention must appear by explicit direction and the conversion be obligatory upon the executor or trustee. If the direction to sell is made to depend upon contingencies, or discretion is given to the executors to sell for distribution or divide the property in kind, the intent of the testator to make a conversion is not sufficiently evident and positive and none is effected. (*Post, pp.* 208, 211-213.)

Cases cited and approved: Wheeless v. Wheeless, 92 Tenn., 296; Wayne v. Fouts, 108 Tenn., 145.

---

FROM SHELBY.

---

Appeal from the Chancery Court of Shelby County.— F. H. HEISKELL, Chancellor.

H. D. MINOR, for complainants.

H. M. McKAY, for defendants.

MR. JUSTICE SHIELDS delivered the opinion of the Court.

Benjamin W. Bedford, having first made his will, died October 24, 1883, at his residence in Shelby county, Tennessee. The first clause of the will directs the executors to convey to certain parties lands the testator had sold them, when the balance of the purchase money should be paid. The remainder of the will is in these words:

"It is my last will and wish that my house and lot on Madison street, Memphis, of twenty-seven by sixty-eight feet of the original lot number 102, at the southeast corner of Madison street and Front alley, and directly opposite the First National Bank in Memphis, be rented out annually for the next twenty years after my death, and at the end of said twenty years said house and lot be sold or divided.

"As regards my two hundred and forty acres of land in Hillsboro county, Florida, and all the land I may hereafter own in Florida, I wish disposed of by sale or division as my executors may think best or to retain it for sale or division until the orange trees can bring oranges, to do that which they may think best for the interest of my descendants.

"I wish all my property or the proceeds of the same to be divided into three parts, one part to go to my son, Hugh L. Bedford, one part to the children of my deceased son, Julian Bedford, and one part to the children

of my deceased son, Benjamin W. Bedford, except my watch, which I will to William Bedford, my grandson, and son of my son Julian, as it was willed to me by my brother, William H. Bedford, it is right and proper to will it to his namesake.

"If I owe a dollar, I do not know of it, except for Whyte Bedford for having four wagon tires cut, which I will pay to-morrow.

"I do hereby name Hugh L. Bedford, of Shelby county, Tennessee, Whyte Bedford, of De Soto county, Mississippi, and C. C. Glover, of Panola county, Mississippi, my executors, and do not require them to give bond and security, and wish them to act as executors in Mississippi, Tennessee and Alabama.

"This October 8, 1883."

The will was duly admitted to probate, and the executors who were his son and grandson and the husband of a granddaughter, all beneficiaries, qualified and entered upon the discharge of the duties of their trust, and two of them continue in the execution of it, the other, C. C. Glover, having died. When the will was made and the testator died, there were eight beneficiaries, all of whom survive except C. C. Glover and W. H. Bedford, the latter being a grandson, who died intestate, leaving a widow and two children. The estate devised consists of a lot on Madison street in Memphis and an orange grove in Florida. The lot is now valued at $40,000, and the orange grove is worth about $16,000.

This bill is brought by the surviving executors for

the purpose of having the will construed, their present powers declared, and for instructions as to the distribution of the proceeds of the property when sold. The questions which the court is called upon to determine are these: (1) Are the executors vested with power by implication to sell and convey the lands devised, and especially the lot in Memphis, after the expiration of twenty years? (2) If so, does this power exist and continue in the two survivors? (3) Do the provisions contained in the will for the sale and division of the property operate as an equitable conversion of it into personalty? We will dispose of these questions in the order stated.

Construing the will as a whole, as we must, we think it is clear that the testator contemplated a sale of both the lot in Memphis and the orange grove as a possibility, at least, in the execution of his direction that the entire estate be divided between his son and grandchildren. It is certain that the property or its proceeds are directed to be divided into three equal shares, two of which are to be subdivided into three and four parts respectively. The lot is of such description and so situated that it cannot be divided advantageously, yet its value is greater than one, and even two, whole shares, while the Florida lands are less in value than one share. Division of the property is the end to be accomplished, and it must be done. The means by which it is done is a matter of secondary consideration. We think that a sale is authorized, if necessary to carry out the purpose of the will, and it is clear that such is the case.

Bedford v. Bedford.

That a sale of the orange grove is authorized, if deemed to the interest of the beneficiaries under the will by the executors, is not disputable, and it is more than probable that this discretion was intended to extend to the lot. It is also clear that the proceeds of the sale, if one was made, are impressed with a trust in favor of the objects of the testator's bounty, and that the executors are charged with the duty of administering this trust. This being a proper construction of the will, and the power of sale not being vested in express terms in any one, especially so far as the lot in Memphis is concerned, we are of the opinion and hold that the power to determine the propriety of a sale and to sell and convey all the property, if deemed necessary or proper by the executors, is vested in them by implication, and that, when twenty years shall have elapsed from the death of the testator, it is their duty to distribute the estate as directed, by a sale or division of the property devised, as may be most advantageous to the beneficiaries, considering its nature and situation.

It is well-settled law that when a testator directs property to be sold without expressly vesting the power in anyone, and the proceeds of the sale are made a trust fund, or are to be distributed by the executors, the power to make a sale by implication is vested in the executors.

In an opinion of this court, delivered by Judge Nelson, it is said: "The provisions already quoted, and

110 Tenn—14

especially the direction that the executor shall faithfully execute the will, conferred upon him an implied power to make the sale. The principle is firmly established, and well sustained by the highest authority, that where a testator directs his estate to be disposed of for certain purposes without declaring by whom the sale is to be made, and the proceeds are to be distributed by the executor, the power to sell is vested in him by implication. 1 Will. on Exrs., 413, marg.; 2 Redf. on Wills, 123; 1 Sugd. on Pow.; 13 Law Lit., 136 m. See, also, *Gee* v. *Graves,* 2 Head, 239. In the case before us the power to sell is not expressly given, but as the real and personal estate are to be equally distributed into nine parts, and it is manifest that this could not be done without a sale of the land and slaves, the power to sell necessarily results. This construction is aided by the express direction that the executor shall faithfully execute the will, which he could not do without a sale for distribution." *Queener* v. *Trew,* 6 Heisk., 69.

In another case, it is said: "The rule as to the power to an executor to sell real estate is thus given by Chancellor Kent (volume 4 of Commentaries, p. 326): 'If the will directs the estate to be sold, without naming a donee of the power, it naturally and by implication devolves upon the executors, provided they are charged with the distribution of the fund.' The question whether the executors are to distribute the fund need not be found expressed in direct terms on the face of the will, but it is to be arrived at from the whole scope

and context of the will—the fairly inferred intention of the testator; in other words, such a power to sell on the part of the executors may be gathered from the will by necessary implication, as well as express designation. It was so held in *Meakings* v. *Cromwell,* 1 Seld., 139, where by a statute of New York it was provided, if the testator omitted to designate by whom the power is to be exercised, its execution shall devolve on the court of chancery." *Parker* v. *Sparkman,* 2 Tenn. Cas., 545.

The adjudications of other courts are in accord with those of this State. *Rankin* v. *Rankin,* 36 Ill., 298, 87 Am. Dec., 205; *Silverthorn* v. *McKinster,* 12 Pa., 71; *Vaughan* v. *Farmer,* 90 N. C., 607; *Mandlebaum* v. *Mc-Donell,* 29 Mich., 84, 18 Am. Rep., 61; *Clark* v. *Horn-thal,* 47 Miss., 469; *Davis* v. *Hoover,* 112 Ind., 423, 14 N. E., 468.

The power of sale vested in the executors being coupled with an interest, and a trust created, the survivors are fully authorized to execute the power originally vested in all three, and a sale made by those now living, or the survivors of them, in the execution of such power, will be valid and effective to pass the title to the property. The exercise of their discretion as to the necessity or propriety of a sale instead of a division will be conclusive, and not subject to review. *Fitgerald* v. *Standish,* 102 Tenn., 389, 52 S. W., 294; *Matthews* v. *Capshaw,* 109 Tenn., 480, 72 S. W., 964.

The only question remaining to be determined is whether the provisions of the will authorizing a sale

and distribution of the property disposed of operates as an equitable conversion of it into personalty. A decision of this question is made necessary by the death and intestacy of W. H. Bedford, a son of Julian Bedford.

If the real estate is thus converted into personal property, his widow shares with his two children, but, if it remains realty, the children take the entire share of their father.

The doctrine of equitable conversion of real into personal property is recognized in this State, and a provision for the sale of real estate and distribution of the proceeds, contained in a will, is evidence sufficient to show the intention of the testator to make such a conversion, and effective to do so. Indeed, this is the most frequent way in which a conversion is made. But the intention to make the conversion must be clear and certain, and the direction to sell the lands for that purpose imperative and unconditional. The intention must appear by explicit direction, and the conversion be obligatory upon the executor or trustee. A change of the form of property, and, consequently, the direction of the estate of the deceased, presents a serious proposition, and must be considered with the utmost care and caution and never decreed unless the intention of the testator be evident and unmistakable. If the direction to sell is made to depend upon contingencies, or discretion is given to the executors to sell for distribution or divide the property in kind, the intent of the testator to make a conversion is not sufficiently evident and positive, and none

is effected. *Wheless* v. *Wheeless,* 92 Tenn., 296, 21 S. W., 595; *Wayne* v. *Fouts,* 108 Tenn., 145, 65 S. W., 471.

The authority or direction to the executors to sell the lands disposed of in the will under consideration for distribution is not of this imperative and absolute character. The executors are given the discretion to sell for distribution or divide the property, as may be necessary and most advantageous to the descendants of the testator. While the testator clearly intended the property to be sold by his executors, if necessary for distribution, yet it is evident that he contemplated the possibility of partition, and he left the decision of the necessity and desirability of a sale to his executors, to be determined when the time for action should arrive. There was therefore no equitable conversion of the property devised, and it is yet real estate, and the share of William H. Bedford descended to his children to the exclusion of his widow, and they should receive his share of the proceeds of the sale, if one is made; to which extent the decree of the chancellor is modified, he having held that there was an equitable conversion. In all other respects the decree of the chancellor is affirmed. The costs will be paid by the executors out of the estate of their testator.