JAMES F. STOUGHTON *et al.*, *vs.* WILLIAM STOUGHTON LISCOMB *et al.*

JULY 8, 1916.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1) Wills. Equitable Conversion.*

A will named no executor and an administrator c. t. a. was appointed. The will bequeathed to various nephews the sum of $100 "from Garfield Avenue estate to be put in trust at interest until full age, 21 years," and by clause 12 "After paying all my expenses what money is left, if any there be, one-third goes to X, one-third to Y, and one-third to Z."

*Held*, that the legacies were not to be paid from the rents and profits of the real estate, but testator intended that such estate should be converted into money and it would be regarded as equitably so converted.

*Held*, further, that the administrator c. t. a. did not have the power under the will to use the surplus of the personal property for the payment of the legacies.

*Held*, further, that anything remaining of the proceeds of the sale of the real estate after the payment of the legacies would pass under paragraph 12, being in effect a residuary clause.

*(2) Executors and Administrators. Powers.*

Where a will named no executor, an administrator c. t. a. cannot *virtute officii* make a sale of real estate required by the will, although the will

contained no express direction to sell, but had the will named an executor, such executor would have had the power by implication.

*(3) Executors and Administrators. Powers.*

While by Section 26 of Chapter 312 of the General Laws, as administrator with the will annexed, takes the same power to sell real estate as is given by the will to the executor, unless the power is given to the executor as an individual, yet where no executor is appointed by the will the administrator takes no power by virtue of the statute, nor by implication.

*(4) Wills. Power of Sale.*

Where a will contained no express direction to sell the real estate and named no executor, but in order to carry out the provisions of the will relative to the payment of legacies, it was an absolute necessity to sell the real estate, such power of sale is not a naked power, but a power coupled with a trust, and hence imperative and the beneficiaries may through the Superior Court procure the sale of the real estate.

BILL IN EQUITY for construction of will.

BAKER, J.   This is a bill in equity for the construction of the will of Frederick Smith Stoughton, late of Bristol, in the State of Rhode Island, who died May 11, 1912, without issue and leaving no widow.  It is represented in the bill that the parties complainant and respondent "are all of the heirs, next of kin and parties interested in the will and in the estate of the said Frederick Smith Stoughton."  The will bears date at the top thereof "Jan. 30th, 1911;" the attestation clause signed by the witnesses bears date "April 1, 1912."  The will named no executor and the bill represents that James G. Stoughton, who is a brother of the deceased, was duly appointed administrator c. t. a. on the estate of the deceased and has paid all debts and expenses chargeable against the same and has paid the legacies due under the will except these as to which instructions are now sought.  The provisions of the will as to which instructions are asked are as follows:  "Fifth.  I give and bequeath to my nephew, William Stoughton Liscomb, one hundred dollars from Garfield Avenue estate, to be put in trust at interest until he comes full age, 21 years.   . . .

. ."Sixth.  I give and bequeath to my nephew, Carlton Francis Liscomb, one hundred dollars from Garfield Avenue

estate, to be put in trust at interest until full age, 21 years.

. . .

"Seventh. I give and bequeath to my nephew, Roswell Bayley Liscomb, one hundred dollars, to be put in trust at interest until full age, 21 years, from Garfield Avenue estate. . .

"Ninth. I give and bequeath to my nephew, Frederick Johnson Stoughton, Jr., one hundred dollars, from Garfield Avenue estate, to be put in trust at interest until full age, 21 years old. . . .

"Twelfth. After paying all my expenses what money is left, if any there be, one-third goes to William Bayley Stoughton, one-third to Catherine Augusta Stoughton, one-third Ada Louisa Stoughton."

. The bill further represents that the estate of the deceased is entirely solvent and that at his death it "consisted of an undivided one-half interest in a certain parcel of real estate on Garfield Avenue, in said town of Bristol, which entire parcel is valued at approximately $1,500, together with personal property, which personal property is more than enough to pay all of the debts, funeral charges, and the legacies under said will."

The questions submitted are the following:

"a Under the fifth, sixth, seventh and ninth clauses of the said will, is the administrator c. t. a. obliged to sell the Garfield Avenue estate, or to use the rents and profits therefrom to pay the said legacies of $100 each to William Stoughton Liscomb, Carlton Francis Liscomb, Roswell Bayley Liscomb and Frederick Johnston Stoughton, Jr. ?

"b Has the administrator c. t. a. the power under the said will of Frederick Smith Stoughton to use the surplus of the personal property now in his hands for the payment of said four legacies ?

"c Does the Garfield Avenue estate, so-called, which is not specifically devised under said will, descend as in case of intestacy ?

"d   Does the word 'money' as used in the twelfth clause of said will mean all property and estate remaining, and was said clause twelfth intended by the testator to be what is known in law as a general residuary clause, including real as well as personal estate ?"

It seems beyond dispute that the testator's intention was that the four legacies of $100 each are to be paid from the Garfield Avenue estate.   While no information is furnished as to the actual net income of the undivided half of this real

(1) estate, it is not reasonable to presume that the payment of these legacies was to be deferred until the accumulation of income from his interest in the real estate should amount to $400.   There is nothing in the will to show any intention to postpone the payment of these legacies beyond the time allowed therefor by law.   The legacies are to be put at interest during the minority of the legatees.   They would carry interest after the lapse of one year from the death of the testator.   *Wood* v. *Hammond*, 16 R. I. 98, 106.   *Esmond* v. *Brown*, 18 R. I. 48.   We think it clear, therefore, that these legacies were not to be paid from the rents and profits of the real estate.   And inasmuch as land or real estate cannot as such be divided up and paid over as money, in our opinion it was clearly the intention of the testator that this real estate

(2) should be converted into money by being sold, as in no other way could these legacies be paid from the Garfield Avenue estate.   There is no express direction to sell the land, or that it shall be treated as money, yet it will be regarded as equitably converted into money, as it is an absolute necessity that it be sold in order to carry out the provisions of the will relative to the payment of these four legacies.   *King* v. *King*, 13 R. I. 501, 508; *Van Zandt* v. *Garretson*, 21 R. I. 352; 6 R. C. L. 1065; 9 Cyc. 833; 7 Am. & Eng. Ency. of L. 466.   We think the duty to sell is obligatory.   The question of how the sale shall be effected requires consideration.   We regard it as clear, however, that the administrator c. t. a. cannot make the sale *virtute officii*.   Had the will named an executor such executor would have had the power to sell by implica-

tion.   Sugden on Powers, Vol. 1, *134; Williams on Executors, Vol. 1, 779; Woerner's Law of Administration, Vol. II, 761; *Van Zandt* v. *Garretson, supra,* 354.   *In Probate Court of Newport* v. *Hazard,* 13 R. I. 3, on page 6, the court says: "As a general rule, independently of statute, a power to sell land given by will to an executor will not devolve upon an administrator with the will annexed."   While by Section 26 of Chapter 312 of the General Laws an administrator with the will annexed takes the same power to sell real estate as is given by the will to the executor, unless the power is given to the executor as an individual, it is plain that where no executor is appointed the administrator takes no power by virtue of the statute.   Nor do we think it can properly be held that the administrator in such circumstances takes the power by implication.   *In re Clay and Tetley,* 16 L. R. Ch. D. 3, a testator had appointed executors who declined to qualify.   By the will they were authorized to sell real estate.   It was claimed that by implication the power devolved upon the administrator with the will annexed.   The court held otherwise.   Jessell, M. R., said: "The only implied power to sell the real estate of the testator is in the executors.   That is implied because the executors are appointed by the testator to pay his debts.   They are his nominees for that express purpose.   There is no authority for saying that the courts have ever implied such a power in an administrator who is not appointed by the testator, but is the officer of the probate court."   It has been held in a few cases, where a testator in his will had directed the sale of real estate, but had failed to appoint the executor, that the administrator with the will annexed cannot exercise the power to sell.   *Hall* v. *Irwin,* 7 Ill. 176; *Van Giessen* v. *Bridgford,* 83 N. Y. 348; *Wills* v. *Cowper,* 1 Ohio, Rep. 278.   See, also, *Crocheron* v. *Jaques,* 3 Edw. Ch. (N. Y.) 207; *Magruder* v. *Peter,* 4 Gill & J. 323 (Md.); *Baumeister* v.*Silver,* 98 Md. 418; *Loring* v. *Binney,* 3 Howard Pr. N. S. (N. Y.) 143, in which where similar conditions existed resort was had to a court of equity to effect the sale.

(3)

There are two cases holding that an administrator with the will annexed may exercise the power to sell. In *Hester* v. *Hester*, 37 N. C. 330 (1842), the statutes authorized an "administrator with the will annexed to sell when all the executors die or refuse to take on them the administration." The court said: "The case of an administration with the will annexed when no executors were appointed is not within the letter of the act. But as it comes within the spirit of the act, and as the act is one of a remedial character, we are of opinion that the case is embraced within its purview." *Davis* v. *Hoover*, 112 Ind. 423, holds that the administrator by virtue of his duties takes the power by implication. The grounds on which these decisions are based are not such as to lead us to accept them as authoritative.

In the present case the legal title of the Garfield Avenue estate upon the death of the testator vested at once in his heirs at law, liable to be divested upon a legal sale. *Van Zandt* v. *Garretson*, 21 R. I. 418; *Magruder* v. *Peter*, *supra*; *Baumeister* v. *Silver*, *supra*, 31 Cy. 1091.

(4) The power of sale in this case is not a naked power, but a power coupled with a trust. In the New York and Maryland cases above cited equitable relief was afforded by appointing a trustee to make the sale by virtue of statutes. In *Hall* v. *Irwin*, *supra*, 182, it is indicated that courts of equity have power to afford relief in such cases. Powers in trust or coupled with a trust are imperative; they create a duty in the trustee and a right in the beneficiary. Equity will not suffer this right of the beneficiary to be defeated even after the death of the donee. Pomeroy's Eq. Jur. Vol. 2, §§ 835, 1002; 28 Am. & Eng. Ency. of Law, 902. We are of the opinion therefore that the beneficiaries in interest under the will of Frederick Smith Stoughton in the Garfield Avenue estate may through the Superior Court procure the sale of the said estate in order to carry out the provisions of the will relative thereto.

As to question b, we do not think the administrator c. t. a. has the power under the will of the decedent to use the

surplus of the personal property now in his hands for the payment of the four legacies. It is well settled in equity that where a testator directs land to be sold and the proceeds thereof distributed among designated beneficiaries, such beneficiaries may elect before the sale has taken place to take the land instead of the proceeds. When , they have so elected, the authority to sell cannot thereafter be exercised, but is extinguished. The estate is by such election reconverted into real property. *Van Zandt* v. *Garretson,* 21 R. I. 418; 6 R. C. L. 1090, 7 Am. & Eng. Ency. of Laws, 480; *Van Zandt* v. *Garretson,* 418, *supra,* holds, however, that such election does not vest the legal title in the beneficiaries. But it is only persons *sui juris* who may elect to have a reconversion and all in interest must participate ,in the election. Infants and those disqualified from making contracts are incapable of making such election. 6 R. C. L. 1092. In a few instances it has been held that a court may elect for an infant if it is for his benefit. In the present case three of the legatees to receive $100 each are infants. The question of election is however not presented here. It is obvious, we think, that the administrator is without authority to make substituted payment of the legacies and equally obvious that such payment would not make good either a legal or an equitable title to the Garfield Avenue estate in the persons named in the twelfth paragraph of the will.

Respecting question c we say that the testator did not die intestate as to the Garfield Avenue estate. It descended as in manner shown in our answers to questions a and d.

Respecting question d, it remains to say that all the property and estate remaining to be disposed of under paragraph twelfth of the will after the payment of the debts and funeral charges, the expenses incident to settling the estate, and the various specific legacies, will be money. If anything remains of the proceeds of the sale of the Garfield Avenue estate after the payment of the four $100 legacies, it will, we think, pass under the twelfth paragraph. The situation is not very unlike that in *Monroe* v. *Jones,* 8 R. I.

526, where the court in construing the words "all the residue and remainder of my personal estate" as if it read "all the residue and remainder of my estate" on page 536 says: "It is to be remembered that she had already in the first clause ordered her real estate to be converted into money and nothing would be more natural than that in making this residuary bequest, her mind should go forward to the period when the residue, if any, should be ascertained,— a period when all her property would be personal property."

The twelfth paragraph of the present will is not called a residuary clause, but it is so in effect, and as in the *Monroe* v. *Jones* case the testator having manifested his intention to sell the real estate, had it in mind that when the legacies were all paid what remained, if anything there was, would be in the form of money and intended that all such property so remaining should pass under this paragraph.

A decree in accordance with this opinion may be presented for approval and when approved the case will be remanded to the Superior Court.

*Fitzgerald & Higgins*, for complainants.
*Edward L. Leahy*, of counsel.